## I. R. HEGGIE v. I. B. STONE.

1. CONSTITUTIONAL LAW. *Mayor as ex officio justice of the peace. Jurisdiction.*

Under constitution 1869, providing for the election in each county, by districts, of a competent number of justices of the peace, it was not in the power of the legislature to give the mayor of a town the jurisdiction of a justice as to that part of the justice's district outside the town.

2. JURISDICTION. *Waiver. Appeal to circuit court. Code* 1880, § 2354.

When, by a town charter, the jurisdiction of a justice for the entire district is attempted to be vested in the mayor, one residing outside the corporate limits, though within the district, who is sued before such officer, does not, by appearing and defending on the merits, waive the right to urge in the circuit court, on appeal, the want of jurisdiction, since § 2354, code 1880, provides for a trial *de novo* on appeal, and requires the circuit court to dismiss causes where the justice had no jurisdiction.

FROM the circuit court of the second district of Carroll county.

HON. C. H. CAMPBELL, Judge.

The town of Vaiden is situated in district five, Carroll county. By the charter of the town, the mayor was made *ex officio* justice of the peace for the district, and Heggie sued Stone before him on a cause of action which arose outside the corporate limits. The defendant resided outside the town, but within the justice court district. The parties

appeared, and, without any objection being raised as to jurisdiction, the case was tried on its merits, resulting in a judgment for defendant, from which plaintiff appealed to the circuit court. In that court the defendant moved to dismiss the case, on the ground that the mayor, as *ex officio* justice of the peace, had no territorial jurisdiction. The above facts were shown, and the motion was sustained. From a judgment of dismissal the plaintiff appealed.

*Somerville & McClurg*, for appellant.

1. In dismissing this case, the circuit court acted upon the authority of *Bell* v. *McKinney*, 63 Miss., 187. We note the following as to that case: (1) That a mayor's court is an "inferior court," within the meaning of the constitution. (2) That neither the charter construed, nor the act of 1886, conferred on the mayor criminal jurisdiction outside the corporate limits. This was not attempted. (3) The corporate limits embraced a part of two counties, and the court says the act of 1886 did not give the mayor jurisdiction "co-extensive with the limits of two counties."

To give the mayor, as *ex officio* justice, jurisdiction within the limits of the district, is not violative of the principles announced in *Montross* v. *State*, 61 Miss., 429. He could be appointed or selected in any legitimate manner.

(2) The defendant waived the question of jurisdiction by going to trial on the merits, and not pleading in abatement. That the trial in the circuit court on appeal is *de novo*, does not change this. Where a court has jurisdiction of the subject-matter, appearance and pleading to the merits will give jurisdiction of the person. 57 Miss., 634; 59 *Ib.*, 189.

*Sweatman, Trotter & Knox*, on the same side.

*Brewer & Wilson*, for appellee.

1. The mayor of Vaiden is elected by the citizens of the town alone, and not by the voters of the entire district. The

legislature could not, under the constitution, confer upon him the jurisdiction of a justice of ιthe peace as to the territory outside the corporate limits.   *Bell* v. *McKinney*, 63 Miss., 187.   Therefore the court had no jurisdiction.

2. The appellee cannot be held to have waived any thing. He could make any available defense in the circuit court, for there the case was to be tried *de novo*.   Where the court has no jurisdiction there can be no waiver.   On this point, see *Rice* v. *Locke*, 59 Miss., 189.

*I. T. Blount* and *R. N. Miller*, on the same side.

CAMPBELL, C. J., delivered the opinion of the court.

Under the constitution of 1869, which provided that "a competent number of justices of the peace and constables shall be chosen in each county by the qualified electors thereof, by districts," it was not in the power of the legislature to clothe the mayor of a town, comprising a part of a district for the election of justices of the peace, with the official character and jurisdiction of a justice of the peace for the district outside of the town; and the charter of Vaiden, which contains a provision making the mayor *ex officio* a justice of the peace beyond the territory of the town, was, as to that, inoperative and void.   Therefore, this case was not within the territorial jurisdiction of this justice of the peace.

The appearance of the defendant before the justice of the peace in Vaiden was not a waiver of his right to raise the question of the jurisdiction of the justice of the peace in the circuit court.   Code of 1880, § 2354, expressly secures this right.

*Affirmed.*