# SUPREME COURT OF MISSISSIPPI,

——AT THE——

## OCTOBER TERM, 1895.

73
86

1
223

## A. D. RILEY v. PETER JAMES.

1. TOWN MARSHAL. *Territorial authority as constable.*

A seizure and sale by a town marshal, acting as constable, without the limits of the town and supervisor's district in which the town is situated, under a distress warrant issued by the mayor of such town, are invalid, and confer no title upon a purchaser at the sale.

2. SAME. *Justices of the peace. Constables. Jurisdiction and power.*

Neither under the constitution nor laws of this state can the jurisdiction of justices of the peace, or the executive power of constables, be extended beyond the districts for which they were elected.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

Judgment for defendant. Plaintiff appealed. The opinion states the case.

*E. F. Noel,* for appellant.

The town marshal of Tchula had no authority, as constable, the execute the distress warrant without the limits of the supervisor's district in which that town is located, and the purchaser

73 Miss.—1

at his sale thereunder acquired no title.   Const. 1869, § 23 of
art. 6; const. 1890, § 171; *Heggie* v. *Stone*, 70 Miss., 41.

*Hooker & Wilson*, for appellee.

Argued orally by *E. F. Noel*, for the appellant, and by *G. A. Wilson*, for the appellee.

COOPER, C. J., delivered the opinion of the court.

Of the many errors assigned, we notice one only, because it goes to the root of the controversy between the parties, and must finally control the litigation.

The action is one in replevin, brought by the appellant to recover the possession of two mules from the appellee.   It is conceded that the mules were the property of appellant, the appellee claiming to have procured title thereto by virtue of a distress for rent sued out by him against appellee, and a sale thereunder, at which he, the appellant, became the purchaser. Unless, therefore, the sale was a valid one, the appellant should prevail in the action.

The facts, as disclosed by the record, are that the lands leased to appellant are situated on Bee lake, in district No. 4 of Holmes county.   The appellee sued out his distress warrant before the mayor of Tchula, which is located in district No. 5 of said county, and the warrant was placed in the hands of one Whittington, the marshal of said town, who seized and sold the property at Bee lake, in district No. 4, not only without the corporate limits of the town of Tchula, but also beyond the supervisors' district in which it is situated.

Our constitution, section 171, provides that "a competent number of justices of the peace and constables shall be chosen in each county, in the manner provided by law, for each district, who shall hold their office for the term of four years." The constitution of 1869 provided that these officers should be elected "in each county by the qualified electors thereof,

by districts.'' In *Heggie* v. *Stone*, 70 Miss., 39, we held that it was not competent for the legislature to clothe the mayor of a town comprising a part of a district with the jurisdiction of a justice of the peace for the whole district. In *Bell* v. *McKinney*, 63 Miss., 187, we decided that, under the power of establishing inferior courts, the mayor of a town might be invested with the jurisdiction of a justice of the peace within the territorial limits of the town in which he was elected, and, in *Smith* v. *Jones*, 65 Miss., 276, that an attachment for rent was not a suit under our statute, but a mere mandate, and therefore that the provision of the code of 1880 that any justice of the peace might issue a distress warrant to run throughout the whole county was constitutional.

Under the present constitution, as under that of 1869, the jurisdiction of justices of the peace and the executive power of constables granted by the constitution is limited to the districts for which they are elected. In cases of attachment for debt, the legislature has provided that the writ may be executed in any part of the county, by the constable of the county or by the constable or police officer of any municipality. But we know of no statute which authorizes a constable to go beyond the limits of his district to execute a distress warrant. If, therefore, it be conceded that Whittington might, as constable, have executed such warrant within the limits of the municipality for which he was marshal, it would yet be true that he had no official authority without the town, and that the seizure and sale of the property at Bee lake was invalid and no title to the property passed to the purchaser at such sale. *Dolbear* v. *Hancock*, 19 Vt., 388; *Wood* v. *Crosby*, 2 Hill (S. C.), 520.

*The judgment is reversed and cause remanded.*