CHILDRES v. STATE.*

(Division A.  Dec. 1, 1924.)

[101 So. 857.  No. 24246.]

CRIMINAL LAW.  *Justice in one district could not try defendant for mis-*
*demeanor committed in other district.*

Justice of peace in one district could not try person charged with
misdemeanor committed in another district of same county.

*Headnote 1.  Criminal Law, 16 C. J., section 183.

APPEAL from circuit court of Rankin county.
HON. G. E. WILSON, Judge.

Ed Childres was convicted of selling liquor in the jus-
tice court and again in the Circuit Court and he appeals.
Reversed and remanded.

*G. L. Teat* and *S. C. Broom,* for appellant.

It is well settled that venue is a jurisdictional question
and can be raised for the first time in the supreme court.
It is also well settled that the jurisdiction must be affirm-
atively shown by the state in every case.  *Monroe v.
State,* 103 Miss. 759, 60 So. 773; *Elzey* v. *State,* 110 Miss.
502, 70 So. 579; *Norwood* v. *State,* 93 So. 354; *Quillen* v.

*State,* 106 Miss. 831, 64 So. 736.; *Cagle* v. *State,* 63 So. 672; *Will Slaton* v. *State,* 98 So. 838. Now in this case the question of venue was raised in the lower court and it was affirmatively shown by the record that the court was without jurisdiction. The latest utterance of this court on the subject is to be found in the case of *Will Slaton* v. *State, supra.*

This case must be reversed and dismissed.

*E. C. Sharp,* Assistant Attorney-General for the state.

The question of jurisdiction was raised for the first time in the circuit court, and was proven by the testimony of the sheriff that appellant lived in the First Justice District of Rankin county, and the record further shows that the whisky was bought at his home.

In view of the holding of this court in the case of *Slaton* v. *The State,* 98 So. 839, and the cases therein cited, we submit this case without argument or comment.

HOLDEN, J., delivered the opinion of the court.

The appellant, Ed. Childres, was convicted on a charge of selling liquor, in the justice of the peace court, in Rankin county, and he appeals on the ground that the justice of the peace had no jurisdiction to try the case because the offense was committed in a different district from that of the trial justice, and that upon appeal to the circuit court the circuit court had no jurisdiction because the justice of the peace before whom the charge originated had no jurisdiction. A motion was made to dismiss the case, which was overruled, and appellant was convicted again in the circuit court.

The one simple question in the case is whether or not the justice of the peace in district No. 2 can try a person charged with a misdemeanor which was committed in district No. 1 of that county.

We answer in the negative, because the question has been fully settled by this court in *Slaton* v. *State*, 98 So. 838.

Therefore the judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*