Ivy *v.* State.*

(Division B.   Nov. 30, 1925.)

[106 So. 111.   No. 25047.]

1. CRIMINAL LAW. *Justice of the peace of district other than one in which offense is committed has no jurisdiction to try accused, if there is qualified justice of the peace in such district to try cause.*

   Under section 1299, Hemingway's Code (section 1537, Code of 1906), a justice of the peace of a district other than the one in which the crime is committed has no jurisdiction to try a defendant for the commission of a misdemeanor in such other district where there is a qualified justice of the peace in such district to try such cause.

2. STATUTORY PROVISIONS.

   The jurisdiction of a justice of the peace as to misdemeanors is fixed by section 2248, Hemingway's Code (section 2749, Code of 1906), and limits the criminal jurisdiction of the justices of the peace as to misdemeanors to offenses committed within their respective districts, except in cases where there is no justice of the peace in the district in which the crime is committed qualified to try the accused.

3. CRIMINAL LAW. *If justice of the peace had no jurisdiction to try misdemeanor case, circuit court had no power on appeal to try it; question of jurisdiction may be raised at any time.*

   Where a justice of the peace had no jurisdiction to try a person for a misdemeanor, the circuit court has no power on appeal from such justice of the peace to try the cause, and the question of jurisdiction may be raised at any time.

---

*Headnotes 1. Criminal Law, 16 C. J., Section 183; 2. Criminal Law, 16 C. J., Section 183; 3. Criminal Law, 16 C. J., Section 676 (Anno.); 17 C. J., Section 3334.

APPEAL from circuit court of Union county.

HON. THOS. E. PEGRAM, Judge.

Noon Ivy was convicted of assault and battery, and he appeals.  Reversed and remanded.

*Crumm & Lauderdale,* for appellant.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

No briefs available for the Reporter.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was arrested by, and tried by, a jus-. tice of the peace, acting as a conservator of the peace, on a charge of assault and battery with intent to kill and murder. The affidavit charged the offense to have. been committed in district No. 1 of Union county, Miss. On the hearing before the justice, as conservator of the peace, the defendant was found not guilty of the felony, but the court further found that the defendant was guilty of a simple assault and battery and imposed a fine and delivered a sentence upon the defendant, from which appellant appealed to the circuit court. The judgment of the justice of peace recites that the appellant objected to the jurisdiction of the justice to try the cause on the ground of want of jurisdiction. In the circuit court a motion was made to dismiss for want of jurisdiction on the ground that the offense was committed in district No. 1 of said county, and that there were two qualified justices of the peace of that district competent to try the cause, and that the justice of the peace who tried the cause below was the justice of the peace of another district from that in which the offense was committed. The circuit judge found these facts to be true, but held that, under section 1299 of Hemingway's Code, (section 1537, Code of 1906), providing that—

"If, on the examination into the case of any person brought before a conservator of the peace other than a justice of the peace, on a charge of felony, it shall clearly appear that a felony has not been committed, but that the accused is guilty of a misdemeanor of which a justice of the peace has jurisdiction, the conservator of the peace

shall require the accused to be carried before the proper justice of the peace for trial; and, if the conservator of the peace in such case be a justice of the peace, he shall convict the offender and punish him accordingly; but such conviction shall not bar a subsequent prosecution for felony in the same manner.''—While it had doubts as to the jurisdiction, it felt that, if this section was constitutional, it authorized the justice of the peace to convict him, although the offense was committed in another district than that of the justice of the peace, and overruled the motion; whereupon the appellant was put to trial and again convicted and sentenced.

Certain errors were complained of in the trial in the circuit court which it will be unnecessary to notice in view of our conclusion on the question of jurisdiction. Section 2248, Hemmingway's Code (section 2749, Code of 1906), on criminal jurisdiction of justices of the peace reads as follows:

''Justices of the peace shall have jurisdiction concurrent with the circuit court of the county over all crimes occurring in their several districts whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail; but if there be not a justice of the peace in the district in which any crime is committed qualified to try the accused, any justice of the peace of the county shall have jurisdiction thereof.''

Section 171 of the Constitution reads as follows:

''A competent number of justices of the peace and constables shall be chosen in each county in the manner provided by law, for each district, who shall hold their office for the term of four years. No person shall be eligible to the office of justice of the peace who shall not have resided two years in the district next preceding his selection. The jurisdiction of justices of the peace shall extend to causes in which the principal amount in controversy shall not exceed the sum of two hundred dollars; and they shall have jurisdiction concurrent with the circuit court over all crimes whereof the punishment

prescribed does not extend beyond a fine and imprisonment in the county jail; but the legislature may confer on the justices of the peace exclusive jurisdiction in such petty misdemeanors as it shall see proper. In all causes tried by a justice of the peace, the right of appeal shall be secured under such rules and regulations as shall be prescribed by law, and no justice of the peace shall preside at the trial of any cause where he may be interested, or the parties or either of them shall be connected with him by affinity or consanguinity, except by the consent of the justice of the peace and of the parties.''

In *Heggie* v. *Stone*, 70 Miss. 39, 12 So. 253, construing article 6, section 23, of the Constitution of 1869, which provided that the justices of the peace are to be elected by districts, it was held that the legislature was without authority to extend jurisdiction of the mayor of the city as *ex officio* justice of the peace beyond the limits of his municipality, and that the appearance of a defendant did not constitute a waiver of his rights to object to the jurisdiction or venue in the circuit court on appeal. In *Riley* v. *James,* 73 Miss. 1, 18 So. 930, the supreme court had occasion to construe section 171 of the Constitution and held that, by the words ''for each district,'' used in the Constitution in providing for the election of constables and justices of the peace, the power of such officers was limited to their districts. This opinion cited *Heggie* v. *Stone, supra,* and *Bell* v. *McKinney,* 63 Miss. 187, which last case held that the mayor, acting as justice of the peace for a municipality was limited to the territorial districts composing the municipality, and that the justice had no jurisdiction beyond the municipal limits. 73 Miss. on page 3, 18 So. 930, the court said:

''Under the present Constitution, as under that of 1869, the jurisdiction of justices of the peace and the executive power of constables granted by the Constitution is limited to the districts for which they are elected.''

It follows from these decisions that the justice of the peace who attempted to try the case under the facts stated above, other than that in which the offense was committed

was without jurisdiction, and should have bound the appellant to appear before the proper justice of the peace of the district wherein the offense was committed. Section 1299, Hemingway's Code (section 1537, Code of 1906), only has application in its concluding clause to a justice of the peace who has jurisdiction over the territory in which the misdemeanor was committed and, where the justice before whom the proceeding as conservator of the peace is tried finds no felony to have been committed, but is of the opinion that a misdemeanor has been committed, he should bind over as other conservators of the peace are required to do in the first part of the section. Where the justice of the peace has no jurisdiction to try the cause, the circuit court on appeal has none.

We have repeatedly held that venue is jurisdictional and can be raised at any time, even in the supreme court for the first time. See *Monroe* v. *State,* 103 Miss. 759, 60 So. 773; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736. Numerous other cases could be cited to the same effect. The case will therefore be reversed, and the appellant be held on his bond for appearance before the proper justice of the peace of the district in which the offense was committed.

*Reversed and dismissed.*