THOMPSON *et al. v.* STATE.*

(Division B.   April 1, 1929.)

[121 So. 275.   No. 27745.]

594

*Corpus Juris-Cyc References: Arrest, 5CJ, section 74, p. 434, n. 84; Criminal Law, 16CJ, section 183, p. 159, n. 74; section 184, p. 159, n. 79; 17CJ, section 3749, p. 366, n. 61; Drunkards, 19CJ, section 9, p. 797, n. 32; Intoxicating Liquors, 33CJ, section 553, p. 797, n. 39.

*Richardson, Pierce & Sanford,* for appellants.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellants were indicted and convicted in the circuit court of Neshoba county of the crime of unlawfully possessing intoxicating liquor, and sentenced to pay a fine of three hundred dollars and to serve ninety days in the county jail. From that judgment, appellants prosecute this appeal.

Appellants were found in a Ford car on a public highway in Neshoba county by the sheriff of that county and three of his deputies. The officers arrested appellants and found in their car a five-gallon keg of whisky covered with a quilt. The officers were without a warrant either for the arrest of appellants or for the search of their car. Evidence for the state was to the effect that appellants were all drunk, driving their car on the public highway in the presence of the officers, who made the arrest for that crime, and that the search of the car was a mere part of and incident to the arrest.

Appellants interposed a plea to the jurisdiction of the court upon the ground that, before the indictment was returned against them in the circuit court, they had been charged with the identical crime for which they were indicted before J. L. Cooper, one of the justices of the peace of district No. 1 of the county, having jurisdiction of the crime, which charge was pending and undisposed of at the time appellants were indicted; that appellants had been arrested on the charge before the justice of the peace and had given the required appearance bond, and the case continued by the justice of the peace until next term of his court. To appellants' plea to the jurisdiction of the court, appellee replied that the crime charged against appellants was committed in justice of the peace district No. 5, instead of justice of the peace district No. 1 of the county, and therefore J. L. Cooper, the justice of the peace of district No. 1, before whom the charge

was pending, was without jurisdiction. Evidence was heard on that issue. The court overruled the appellants' plea. The evidence showed that the crime charged against appellants was committed in justice of the peace district No. 5, instead of No. 1, and that neither of the justices of the peace of district No. 5 had certified his disqualification to try the case.

Section 2749, Code of 1906 (Hemingway's Code of 1927, section 2403), provides that justices of the peace shall have jurisdiction concurrent with the circuit court of their county over all crimes occurring in their several districts, whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail; and if there be no justice of the peace in the district in which any crime is committed qualified to try the accused, any justice of the peace of the county shall have jurisdiction of the case. Where there is a qualified justice of the peace of the district in which a misdemeanor has been committed, a justice of the peace in no other district of the county has jurisdiction to try the case. *Ivy* v. *State,* 141 Miss. 877, 106 So. 111; *Monroe* v. *State,* 103 Miss. 759, 60 So. 773; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736; *Childres* v. *State,* 136 Miss. 829, 101 So. 857. It follows the circuit court had jurisdiction of the offense of which appellants were indicted and convicted.

Appellants objected to the evidence of the officers showing their possession of the liquor in the automobile upon the ground that the knowledge of the facts to which they testified was acquired without either a search warrant authorizing the search of the automobile or evidence of probable cause for such search. It might be conceded that the search of appellants' automobile revealed the whisky was illegal; still appellants cannot avail themselves of the illegal search, because on the trial they made no objection to the evidence of the officers. And, furthermore, the evidence for the state showed that, when appellants were arrested and the search was made,

they were drunk on the public highway, in the presence of the sheriff and his two deputies. Under section 1295, Code of 1906 (Hemingway's 1927 Code, section 1082), drunkenness in a public place is denounced as a crime. Drunkenness on a public highway, without doubt, is drunkenness in a public place, in the sense of the statute. Appellants were arrested while in an automobile where the intoxicating liquor was found. The authority to arrest appellants carried with it the authority of the officers to search their persons and the automobile in which they were driving.

Appellants were sentenced to serve a term of ninety days in the county jail and pay a fine of three hundred dollars. The jail sentence was excessive. It could not have been for more than thirty days. This was error, but the excessive imprisonment will be treated as surplusage, and the judgment of the court reversed as to that part alone, leaving the imprisonment thirty days, instead of ninety days. *Gordon* v. *State* (Miss.), 115 So. 785; *Devine* v. *State* (Miss.), 115 So. 788 (neither of which is officially reported).

Judgment of the court is affirmed, with that modification of the sentence.

*Affirmed.*