FARRAR *v.* STATE.

(In Banc.   May 12, 1941.)

[2 So. (2d) 146.   No. 34440.]

(1)

W. F. Tucker, of Woodville, for appellant.

**A. M. Byrd**, Assistant Attorney General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant was convicted of a misdemeanor which was committed in Supervisors District No. 4, in Wilkinson County. There was no justice of the peace in that district and appellant was charged before and tried by a justice of the peace in District No. 1 of the County, an adjoining district, as allowed by Section 2097, Code 1930, which reads as follows: "Justices of the peace shall have jurisdiction concurrent with the circuit court of the county over all crimes occurring in their several districts whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail; but if there be not a justice of the peace in the district in which any crime is committed qualified to try the accused, any justice of the peace of the county shall have jurisdiction thereof."

Appellant urges that no justice of the peace can have jurisdiction of a misdemeanor committed in a particular supervisor's district other than a justice elected or appointed in and for that district, and he cites Childres v. State, 136 Miss. 829, 101 So. 857 and Section 171, Constitution 1890, in support of that contention. He says that when there is no justice of the peace in a district, the only valid manner by which a misdemeanor committed in that district may be prosecuted is by indictment in the circuit court.

Under ordinary circumstances it is true, as held in Riley v. James, 73 Miss. 1, 3, 18 So. 930, that the jurisdiction of justices of the peace granted by the Constitution is limited to the districts for which they are elected; and as a general proposition it may be conceded that the

source of judicial power must be found in the Constitution rather than in legislative acts, and it may be further conceded that in Art. 6, Const., 1890, as mentioned in Houston v. Royston, 7 How. 543, it was intended to parcel out to the respective courts created or authorized therein the entire judicial jurisdiction of the State, and that none was left undisposed of.

But this may be satisfied only on the assumption that there will be a qualified person, present and acting, in every judicial position and within every territorial unit provided by the Constitution. The Constitution did not require that there should be more than one justice of the peace in any supervisor's district and it expressly provided by Section 165 that "no judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties." The section then proceeded to provide for cases wherein a judge of the supreme court or of a superior court is disqualified or unable to preside, but no such provision was made for the emergency created by the disqualification of a justice of the peace, or where there is no such officer in the district at all.

Suppose, then, that a plaintiff has a legal demand, in an amount not exceeding two hundred dollars, accruing within a certain supervisor's district against a resident of that district, and the justice of the peace in the district is disqualified under Section 165 of the Constitution. The suit could not be instituted in the circuit court because that court has no original jurisdiction of civil causes involving two hundred dollars or less in amount, and it could not be tried in the justice court of the district because there is no justice of the peace therein qualified to try it. The Constitution makes no specific provision for such a case, yet by Section 24 the Constitution ordains that "all courts shall be open; and every person for an injury done him in his lands, goods, person, or

reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.''

Inasmuch as the Constitution made no provision for cases such as mentioned in the foregoing paragraph or for cases where there is no justice of the peace in the district, the general legislative power and authority must be allowed to step in and to fill the constitutional hiatus or gap. It is to be remembered that a state constitution does not grant specific legislative powers, but limits them, and that the lawmaking department possesses all legislative powers not prohibited or restricted by the state or federal constitution, and certainly the power extends to circumstances not covered by the constitutions at all.

The court will take judicial knowledge of the fact that justices of the peace are often disqualified under Section 165 of the Constitution, and that there are many districts in the State where now, and for years in the past, there is and has been no justice of the peace. There is not enough business in these districts to justify any qualified person in accepting the position, and it remains vacant, for no man can be compelled to take any civil office. Hence the Legislature of necessity has enacted statutes covering such situations, one of which is Section 2097, Code 1930, above quoted, and which we must hold to be within the legislative power, and thus entirely valid.

Affirmed.