JORDAN *v.* CITY OF WEST POINT.

No. 39314          November 8, 1954          75 So. 2d 465

132

*B. H. Loving,* West Point, for appellant.

*Thomas J. Tubb,* West Point, for appellee.

McGEHEE, C. J.

The appellant, Allen Jordan, was tried and convicted on September 15, 1953, in the Mayor's Court of the City of West Point for having willfully and unlawfully driven a motor vehicle while under the influence of intoxicating liquor on September 13, 1953. At the time of his trial and conviction, there was no affidavit pending before the court wherein he had been charged with having committed the said offense. The affidavit does not purport to have been signed until October 16, the day following his conviction and his sentence to pay a fine of $100 and costs. Therefore the mayor's court did not have jurisdiction to try and convict the defendant and to render the judgment complained of. On appeal to the circuit court, no jurisdiction was acquired there since it was held in the case of Bramlette v. State, 193 Miss. 24, 8 So. 2d 234, that: "If a justice of the peace has no jurisdiction, the circuit court acquires none upon appeal. Ivy v. State, 141 Miss. 877, 106 So. 111. The affidavit is a prerequisite to prosecution for misdemeanor. Code 1930, Sec. 2098. The affidavit is the foundation of the jurisdiction of

the justice of the peace. Coulter v. State, 75 Miss. 356, 22 So. 872; 22 C. J. S., Criminal Law, Sec. 303, p. 457, and the court has no jurisdiction without it. Bigham v. State, 59 Miss. 529.''

The foregoing principle is equally applicable to a prosecution in the mayor's court. And it was further held in the Bramlette case, supra, that ''A paper not sworn to is not an affidavit; the oath is its essence.'' The affidavit having been made after the trial and conviction, and the mayor's court having acquired no jurisdiction to try and convict the accused, the case must be reversed and remanded, as was done in the Bramlette case, supra.

Reversed and remanded.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.