TRAVIS *v.* STATE

No. 40428          March 18, 1957          93 So. 2d 468

*J. A. White,* Durant, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

*J. A. White*, Durant, for appellant.

Kyle, J.

This case is before us on appeal from an order of the Circuit Court of Grenada County directing the issuance of an alias capias for the arrest of the appellant, Henry Clay Travis, on a charge of unlawfully operating a motor vehicle, in District No. 4 of Grenada County, while under the influence of intoxicating liquor, and directing that he be required to execute bond in the sum of $500 conditioned for his appearance before D. W. Pickle, Justice of the Peace of District No. 4 of said county, there to be tried de novo on said charge.

The record before us is incomplete. It appears from the record, however, that on April 16, 1956, an affidavit

was made by J. R. Shipp before W. L. Lott, Justice of the Peace of District No. 1 of Grenada County, in which the appellant was charged with unlawfully operating a motor vehicle on the public highway while under the influence of intoxicating liquor. It also appears that a judgment was entered on the same day by D. W. Pickle, Justice of the Peace of District No. 4, which recited that the appellant had been convicted on a charge of drunken driving and was sentenced to pay a fine of $100. At the July 1956 term of the circuit court, the appellant's attorney filed a motion to require D. W. Pickle, Justice of the Peace in District No. 4, from whose court the cause had been appealed, to transmit to the circuit court a certified transcript of the proceedings had in his court, as required by Section 1205, Code of 1942. The court sustained the motion, and entered an order directing that a writ of certiorari be issued requiring the justice of the peace to certify the record in the cause to the circuit court, as required by Sections 1205 and 1199, Code of 1942.

It does not appear from the record that we have before us, that the justice of the peace who tried the case ever certified to the record of the proceedings in his court, or filed the same with the circuit court.

The final order of the circuit judge, which was entered on July 22, 1956, recites that the court had examined into the matter, and that it appeared to the court that the trial had been held in District No. 1, in Grenada County, when the proper venue was in District No. 4, where the alleged crime was said to have been committed, and that, therefore, the circuit court had no jurisdiction of the cause, and that the cause should be returned to the justice of the peace of District No. 4 for trial. The final order of the court directed that the clerk issue an alias capias for the arrest of the defendant and that the defendant give bond, as stated above, in the sum of $500 conditioned for his appearance before

the justice of the peace of District No. 4, on the next regular court day, there to be tried de novo on the charge preferred against him.

■■ ■ The finding of the circuit court that the case was tried by the justice of the peace of District No. 1 is conclusive on that point, even though the judgment entered in the justice of the peace court appears to have been signed by the justice of the peace for District No. 4.

■■■ This Court has held in numerous cases that venue in a case of this kind is jurisdictional, and that the question of venue may be raised for the first time on appeal. Winborn v. State, 213 Miss. 322, 56 So. 2d 885; Crum v. State, 216 Miss. 780, 63 So. 2d 242. ■■■ Since there was a justice of the peace qualified to try the appellant in the district where the offense was committed, the justice of the peace of District No. 1 had no jurisdiction to try the case, and the judgment entered in the justice of the peace court was a nullity. Ivy v. State, 141 Miss. 877, 106 So. 111; Childres v. State, 136 Miss. 829, 101 So. 857; Farrar v. State, 191 Miss. 1, 2 So. 2d 146; Winborn v. State, supra. The circuit court therefore acquired no jurisdiction to try the case on appeal, and the court should have entered an order discharging the appellant.

The judgment of the lower court is therefore reversed and judgment will be entered here discharging the appellant, without prejudice to the right of the state to file a new affidavit and have the case tried on its merits in the justice of the peace court of the proper district.

Reversed and appellant discharged.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.