# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00550-COA

**FSG SOUTHAVEN LLC**                                                                  **APPELLANT**

**v.**

**MAKOWSKY RINGEL GREENBERG LLC**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/27/2018 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. HALE FREELAND |
| ATTORNEY FOR APPELLEE: | DEREK EVAN WHITLOCK |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 07/16/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    The DeSoto County Justice Court granted a default judgment for Makowsky Ringel Greenberg LLC (Makowsky), awarding it attorney's fees, filing fees, and possession of its property at 5960 Getwell Road in Southaven. FSG Southaven LLC (FSG) moved to set aside the judgment and eviction, and the justice court denied its motion. FSG appealed to the County Court of DeSoto County, and Makowsky moved to dismiss the appeal. After a hearing, the county court granted the motion to dismiss and entered an order of procedendo. FSG appealed to the DeSoto County Circuit Court, which affirmed the county court's decision. Now, FSG appeals to this Court. It asserts that: (1) good cause existed to set aside the default judgment; (2) Makowsky failed to provide statutory and contractual notice of

eviction; and (3) the justice court exceeded its jurisdiction. We affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2. FSG entered into a lease with Makowsky in late 2012 for the rental of a portion of the shopping center at 5960 Getwell Road in Southaven, Mississippi. By July 2016, FSG had failed to pay rent, and Makowsky filed a "Landlord or Agents Affidavit to Remove Tenant Holding over without Permission" in the DeSoto County Justice Court. The court issued a summons to FSG on July 14, and the summons was served on the registered agent for service of process, and proof of service was returned on August 5. The court scheduled a hearing, and after FSG did not appear, the justice court entered a default judgment against it on August 26, awarding Makowsky $500 in attorney fees, $64 in filing fees, and possession of its Getwell Road property.

¶3. FSG moved for the justice court to set aside the judgment and eviction for good cause on October 21. The justice court denied FSG's request. FSG appealed the denial to the County Court of DeSoto County, and Makowsky moved to dismiss the appeal.[1]

---

[1] Under Uniform Civil Rules of Circuit and County Court Practice Rule 5.04, appeals to the county court must be made "within thirty (30) days of the entry of the order or judgment . . . ." Because FSG moved to set aside the judgment well after the 30-day deadline, the county court determined that its appeal from the denial to set aside the judgment was untimely. It found that "FSG elected to collaterally attack the result by filing a Motion to Set Aside on or about October 21, 2016 or twenty-five (25) days after the period for perfecting an appeal had expired and more than a month after they allegedly learned of the default judgment." But the circuit court on appeal found that the appeal to the county court was timely because it was "filed within thirty (30) days of the order denying the motion to set aside the judgment." Uniform Justice Court Rule 2.19 does not specify a deadline for these kind of motions. But because it is "[t]he inherent power of [the Mississippi Supreme Court] to promulgate procedural rules," *Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975),

¶4. After a hearing, the county court granted the motion to dismiss and entered an order of procedendo. FSG appealed to the DeSoto County Circuit Court, which determined that the county court "did not specifically address the issue as to whether the Justice Court judgment was void because [Makowsky's] claim exceeded the justice court's jurisdiction limits."

¶5. On remand, the county court addressed the specific issue, finding that the judgment from the justice court was not void. FSG appealed, and the DeSoto County Circuit Court affirmed the county court's order. Now, FSG appeals to this Court, arguing that: (1) good cause existed to set aside the default judgment; (2) Makowsky failed to provide statutory and contractual notice of eviction; and (3) the justice court exceeded its jurisdiction. We affirm the circuit court's order.

## STANDARD OF REVIEW

¶6. Our appellate courts "review[] a trial court's decision regarding a motion to set aside a default judgment for an abuse of discretion." *Am. States Ins. Co. v. Rogillio*, 10 So. 3d 463, 467 (¶8) (Miss. 2009). And "where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits." *Id.* (quoting *McCain v. Dauzat*, 791 So. 2d 839, 843 (¶10) (Miss. 2001)).

¶7. Regarding jurisdictional issues, however, our standard is "a de novo standard of review." *Joshua Properties LLC v. D1 Sports Holdings LLC*, 130 So. 3d 1089, 1092 (¶8) (Miss. 2014). "A court must have jurisdiction . . . in order to enter a default judgment against

perhaps our Supreme Court should consider instituting such a deadline.

3

a party . . . . Otherwise, the default judgment is void . . . . If a default judgment is void, [then] the trial court has no discretion and must set the judgment aside." *BB Buggies Inc. v. Leon*, 150 So. 3d 90, 95 (¶6) (Miss. 2014).

## DISCUSSION

### I. Did good cause exist to set aside the default judgment?

¶8. FSG claims that it "can show good cause as to its failure to attend the eviction hearing on August 26, 2016." The record shows that FSG received a summons as required by sections 13-3-5 (Rev. 2012) and 89-7-33 (Rev. 2011) of the Mississippi Code Annotated and Rule 2.08 of the Uniform Rules of Procedure for Justice Court. The record also shows that the proof of service was returned on August 5. FSG claims that its agent then attempted to reach Makowsky's manager and counsel by telephone. The agent's calls went unanswered and unreturned until September 7; but the hearing had already been held, and the default judgment had already been entered. FSG asserts, essentially, that it failed to attend the hearing because those calls went unanswered and unreturned, which FSG asserts amounted to good cause.

¶9. Uniform Justice Court Rule 2.19 provides that "[f]or good cause shown, the [justice] court may set aside a default judgment." But FSG's justification for its failure to attend the hearing is inadequate to establish good cause. The justice court properly provided notice that a hearing would be held on August 26 by means of its July 14 summons. Although neither FSG nor its agent were able to speak with Makowsky or its counsel before the hearing, this lack of communication is not legitimate good cause to set aside the default judgment.

4

Therefore, we affirm the circuit court's order on this issue.

¶10. We note that typically our trial courts will employ a three-prong balancing test in determining whether to set aside a default judgment:

> (1) the nature and legitimacy of the defendant's reasons for his default, i.e., whether the defendant has good cause for default, (2) whether [the] defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside.

*Rogillio*, 10 So. 3d at 468 (¶10). Stated simply, this three-prong balancing test "includes a 'good-cause' prong, a 'colorable-defense' prong, and a 'prejudice' prong." *Flagstar Bank FSB v. Danos*, 46 So. 3d 298, 307 (¶29) (Miss. 2010). And our Supreme Court has remanded cases to trial-level courts when they fail apply the three-prong balancing test after "[t]he parties thoroughly briefed and argued the . . . test in the trial court as well as on appeal." *Wesley Health Sys. LLC v. Estate of Love*, 200 So. 3d 440, 446 (¶26) (Miss. 2016). That is not the present case. The parties have failed to argue the three prongs in the trial-level courts as well as on appeal.

¶11. Notwithstanding their failure, we note that the other two prongs, namely the colorable-defense prong and prejudice prong, cannot be satisfied. In order to satisfy the colorable-defense prong, "a party must show facts, not conclusions, and must do so by affidavit or other sworn form of evidence." *BB Buggies*, 150 So. 3d at 103 (¶28). The parties did not. And again, they did not even attempt to show any prejudice that the plaintiff may suffer if the default judgment is set aside. Default judgment was proper.

## II. Did Makowsky fail to provide statutory and contractual notice of eviction?

¶12.    In a related claim, FSG asserts that Makowsky failed to provide both statutory and contractual notice of eviction, thereby making default judgment inappropriate. Specifically, FSG claims that: (1) Makowsky did not give notice to FSG that rent was due as required by section 89-7-27 of the Mississippi Code Annotated (Rev. 2011); and (2) Makowsky did not give notice to FSG that eviction proceedings were underway, as required by the contract between the parties.

¶13.    Regarding the statutory argument, FSG claims that the removal affidavit provided in the record falsely states that Makowsky provided notice that rent was owed on July 6 as required by Mississippi Code Annotated section 89-7-27 (Rev. 2011).[2] Furthermore, FSG argues that "there is no proof of any such notice in the record." But FSG did not raise this issue at the lower-court level. Because "[i]t is well-settled law that issues not raised at trial are procedurally barred on appeal," *Travis v. GMAC Mortg. LLC*, 229 So. 3d 183, 186 (¶9) (Miss. Ct. App. 2017), this issue is not properly before this Court.

¶14.    FSG did, however, assert its contractual argument before both the county court and the circuit court. It claimed that Makowsky did not give notice to FSG that eviction proceedings were underway, as required by the lease's terms. When presented with this argument on appeal, the county court found:

---

[2] Section 89-7-27 provides:

> After any default in the payment of the rent pursuant to the agreement under which such premises are held, and when complete satisfaction of the rent and any late fees due cannot be obtained by distress of goods, and three (3) days' notice, in writing, requiring the payment of such rent or the possession of the premises, shall have been served by the person entitled to the rent on the person who owes the rent.

6

[FSG] relies upon section 19.6 of the parties' lease which states in relevant part that "Any notice, demand, request or other instrument which may be or required to be given under this Lease shall be delivered in person or sent by United States certified mail postage prepaid and shall be addressed . . . (b) if to Tenant at the leased premises or at such other address as Tenant shall designate by written notice."

It should be noted, however, that a 'summons' is to be distinguished from a 'notice' and that the service of summons is governed by statute and rules of court. It is the service of that summons that gives a court personal jurisdiction over [FSG]. Parties cannot agree to expand or alter the jurisdiction of the Court.

¶15. The circuit court affirmed the county court's order, finding that "the Justice Court's decision to deny the motion to set aside was not error as the summons was served in a manner consistent with Justice Court procedural rules and statutory laws."

¶16. "Judicial review and interpretation of a contract involves a three-step analysis."[3] *Epperson v. SOUTHBank*, 93 So. 3d 10, 16 (¶16) (Miss. 2012).

First, we must determine whether the contract is ambiguous, and if it is not, then it must be enforced as written. . . . In making that determination, the Court must review the express wording of the contract as a whole. . . . If the contract is unambiguous, the intention of the contracting parties should be gleaned solely from the wording of the contract and parole evidence should not be considered.

*Id.* at (¶17) (citations and internal quotation marks omitted).

¶17. Our review of the lease indicates that its terms are unambiguous. As the county court did, we also note that the notice provision of the lease applies only to notices for violation of specific terms under the lease, not to nonpayment of rent and definitely not to court

---

[3] The other two steps—namely applying the canons of contract construction and considering extrinsic evidence—need only be taken when "the Court is unable to ascertain the meaning of the contract and the intent of the parties within the 'four corners' of the contract." *Epperson*, 93 So. 3d at 17 (¶19). That is not the case here.

7

summons. Therefore, the notice requirement is inapplicable here. To further expound upon FSG's contractual argument, we observe that section 19.12 of the lease determined that Mississippi law "govern[s] the validity, performance and endorsement of this Lease." And the dispute under this lease between FSG and Makowsky occurred in the DeSoto County Justice Court's district. *See Riley v. James*, 73 Miss. 1, 18 So. 930, 930 (1895) ("Under the present constitution, as under that of 1869, the jurisdiction of justices of the peace . . . granted by the constitution, are limited to the districts for which they were elected."). Furthermore, section 16.1 of the lease provided:

> In the event of any failure of Tenant to pay any rental due hereunder within ten (10) days after the same shall be due, or in the event of any failure to perform any other of the terms, conditions or covenants of this Lease to be observed or performed by Tenant for more than thirty (30) days after written notice of such default shall have been given to Tenant, . . . then Landlord besides other rights or remedies it may have: (1) shall have the immediate right of re-entry and may remove all persons and property from the leased premises . . . .

We reiterate the county court's finding: It is clear that the written-notice requirement in this provision applied only to FSG's failure to perform actions other than pay rent under the lease. And because we find that the terms of the lease are unambiguous, our analysis ends. *Epperson*, 93 So. 3d at 17 (¶19). Makowsky's actions did not violate the lease, and it provided proper contractual notice of eviction to FSG.

¶18.    We must note that the proceedings below were proper. Makowsky filed an eviction action. The justice court issued summons. The proof of service was returned. FSG failed to appear at the hearing. It was, therefore, entirely within the justice court's discretion to grant default judgment. On this basis, we affirm the circuit court's order.

8

### III.    Did the justice court exceed its jurisdiction?

¶19.    Lastly, FSG argues that the justice court's judgment requires FSG to pay more than $730,000 in accelerated rents, which is well above the court's jurisdictional limit as determined by section 9-11-9 of the Mississippi Code Annotated (Rev. 2014).[4] In doing so, FSG attempts to invoke another action in which Makowsky has specifically sued for accelerated rents, namely *Makowsky Ringel Greenberg LLC v. FSG Southaven LLC*, No. 17C11:17-cv-00102-JM,[5] although that case is not before this Court. FSG also makes a perplexing assertion that Makowsky is asking this Court "to turn a blind eye and 'wink at the Justice Court proceeding' in order to affirm a voidable judgment."

¶20.    The county court noted that "[t]he total monetary amount rendered in the Justice Court default judgment does not exceed [possession, court costs, and attorney fees] nor does it exceed the jurisdictional limits of the Justice Court." The circuit court agreed. As do we: The justice court's order is clear. It awards Makowsky $500 in attorney's fees, $64 in filing fees, and possession of its Getwell Road property. To argue that it requires anything more and to attempt to incorporate a separate action filed in circuit court that is neither final nor properly before this Court is not well taken and therefore not considered herein. We find this issue without merit.

### CONCLUSION

---

[4] "Justice court judges shall have jurisdiction of all actions for the recovery of debts or damages or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed Three Thousand Five Hundred Dollars ($3,500.00)."

[5] This matter was filed in the DeSoto County Circuit Court.

9

¶21. We find that the circuit court did not err in refusing to set aside the default judgment. We find that FSG's statutory argument under section 89-7-27 of the Mississippi Code Annotated (Rev. 2011) was not raised at the circuit-court level and is not properly before this Court. We find that the trial-level courts did not err in finding that the notice provision in the lease did not apply to this situation and therefore it was within the justice court's discretion to grant default judgment against FSG. Finally, under a de novo standard of review, we find that the justice court's default judgment awarding Makowsky $500 in attorney fees, $64 in filing fees, and possession of its Getwell Road property did not exceed its jurisdiction. Therefore, we affirm the circuit court's order.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., AND McDONALD, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. TINDELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**