CASE 45—INDICTMENT—NOVEMBER 23.

# Commonwealth v. C. B. Cook Co.

APPEAL FROM HARRISON CIRCUIT COURT.

1. INDICTMENTS—LIMITATION.—An indictment charging a misdemeanor is good without the formal averment therein that it was committed within twelve months before the finding thereof, if the date alleged for the commission of the offense was within twelve months before the finding of the indictment.

2. PLEA OF FORMER ACQUITTAL.—A plea that a demurrer had been sustained to a former indictment for the same offense is not a good plea of former acquittal, unless it be further pleaded that the former indictment contained matter which was a legal defense or bar to the present one.

W. S. TAYLOR FOR APPELLANT.

1. Appellant's plea at most only shows that the former indictment was dismissed on demurrer in the lower court, and that an appeal is pending from that judgment; its plea in effect is that another indictment for the same offense is pending, and the Commonwealth has the right to arraign and try the defendant under either indictment.

J. T. SIMON OF COUNSEL FOR COMMONWEALTH.

BLANTON & BERRY FOR APPELLEE.

1. The indictment was insufficient because it failed to allege that the offense was committed within twelve months before the finding thereof. Commonwealth v. T. J. Megibben Co., 101 Ky., 195.

2. The indictment fails to show that the prosecution was a con-

tinuous one and the more the matter contained therein attempting to allege continuous prosecution is surplusage.

3. The appellee's plea of former acquittal by reason of the sustaining of a demurrer to a former indictment for the same offense was properly sustained by the lower court; but the record of that trial not being complete here, this court will indulge the presumption that the omitted portions of the record referred to in the indictment would sustain the ruling of the court.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The facts in this case are the same as those in the case of Commonwealth v. The G. W. Taylor Co., this day decided, except that the offense of keeping, maintaining, suffering and permitting a nuisance is alleged in the indictment to have been committed "on the —— day of February, 1896, and before the finding of this indictment."

It is objected to the sufficiency of this indictment that there is no averment that the offense was committed within twelve months before the finding of the indictment. This court has recently held, in the case of Stamper v. Commonwealth, ante, 33, that the averment mentioned was unnecessary, providing the date alleged for the commission of the offense was within twelve months before the finding of the indictment. It was, therefore, not necessary to the sufficiency of the indictment to make averments showing that this indictment was a continuation of a previous prosecution not barred by the statute. The question, therefore, arises whether the plea of former acquittal is sufficient. That plea simply avers that upon a former indictment for the same offense a judgment was rendered reciting that the defendant had demurred to the indictment; that the demurrer had been sustained and the indictment dismissed, and that the indictment now under consideration was found upon

the same facts and for the same offense charged in the one to which the demurrer had been sustained.

We do not think this is a sufficient plea in bar. The pleadings permitted to a defendant in a criminal proceeding are a demurrer, a plea of guilty, a plea of not guilty and a plea of former acquittal or conviction (Criminal Code, sections 161-165). A plea that a demurrer had been sustained to a former indictment for the same offense is not a plea of former acquittal, unless it be further pleaded that the indictment contains matter which was a legal defense or bar to the indictment. This does not appear in this case. The original indictment is not copied into or made a part of the plea in bar. The demurrer to the plea in bar should, therefore, have been sustained and the case is reversed, with directions to set aside the judgment dismissing the indictment and for further proceedings consistent with this opinion.