## Ballou v. Commonwealth.

(Decided September 26, 1922.)

### Appeal from Whitley Circuit Court.

1. Indictment and Information—Sufficient as to Time.—Where an indictment alleges that a misdemeanor was committed upon a specific day, which is within twelve months before the finding of the indictment, the indictment will be sufficient as regards the allegation as to time of the offense.
2. Criminal Law—Arrest—Searches and Seizures—Evidence.—An officer armed with a warrant, issued upon an indictment, for the arrest of the party indicted, may search the party, when the arrest is made, and information acquired by such search is competent evidence, against such party in proof of any offense, which it may show him to be guilty of.
3. Indictment and Information—Time of Commission of Offense.— Where an indictment was found on the 22nd day of February, 1922, for a misdemeanor, evidence that the offense was committed some time in the year, 1921, does not prove that it was committed within twelve months before the finding of the indictment.

B. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

The appellant, Joe Ballou, was indicted for unlawfully transporting intoxicating liquors. A trial resulted in a verdict of guilty, and a judgment of the court in accordance therewith. The grounds for a new trial being overruled, he has appealed and urges as reasons for reversal of the judgment, (1) that the court erred in overruling a general demurrer to the indictment, and (2) that the evidence was insufficient to support the verdict, and a peremptory instruction to find him not guilty should have been given.

(a) The ground upon which it is insisted that the indictment is not sufficient, and does not state a public offense, is that it does not allege that the offense charged was committed within one year before the finding of the indictment. The offense charged in the indictment is a misdemeanor denounced by section 2554a-1, Kentucky Statutes, 1922, and time is of the essence of the offense to the extent that it is necessary to support a prosecution, that the offense be committed within one year before the finding of the indictment. Section 1138, Kentucky Statutes. The indictment was found and returned on the 22nd day of February, 1922, and the time of the commission of the offense as alleged in the indictment was "on the 25th day of January, 1922, before the finding of this indictment." This objection to the sufficiency of an indictment for a misdemeanor is not new, and the question has been decided adversely to the contention of appellant several times. Stamper v. Commonwealth, 102 Ky. 33; Commonwealth v. C. B. Cook Co., 102 Ky. 288; Commonwealth v. Traylor, 20 K. L. R. 97. Upon demurrer the court must accept the allegations of the indictment as true, and a date being fixed in the indictment whereon the offense is alleged to have been committed which shows that the offense was committed within twelve months before the finding of the indictment, makes the indictment charge a public offense and sufficient upon demurrer upon that ground, although under such an indictment a conviction may be had when the proof shows that the offense was committed upon a date other than that alleged, if the date of the commission of the offense was within twelve months before the finding of the indictment.

(b) Touching the second ground urged for a reversal a consideration of the evidence must be had. The

Commonwealth's attorney offered only one witness, who gave any relevant testimony, and he deposed that he was an officer, and armed with a warrant, which authorized the arrest of the appellant, and that in pursuance of the warrant, in the year, 1921, he met with the appellant in Corbin, Ky., arrested him and searched him and found upon his person, in one of his pockets, a bottle containing a pint of whiskey. It is contended that the knowledge of this witness as to the contents of appellant's pocket was the result of a search, which the witness made without right and illegally, and hence his evidence was incompetent and should not have been received. It is true, the witness did not have a search warrant, which authorized him to make a search of the person of appellant, but, he had a warrant for the arrest of appellant which had been issued upon an indictment. The arrest of appellant was, therefore, lawful, and when an officer makes a lawful arrest of any one, either with or without a warrant, he is authorized to make a search of the arrested party's person for any weapon or other thing that might enable the prisoner to escape. Youman v. Commonwealth, 189 Ky. 160; Turner v. Commonwealth, 191 Ky. 825; 2 R. C. L. 467. Hence, in the instant case, the search was lawfully made and the information obtained by the officer in making the search was competent evidence, for whatever it might prove. The appellant insists that the statement of the witness, that he had a warrant for the arrest of appellant and which statement made competent his other testimony, was incompetent and should have been excluded upon the familiar rule, that the best evidence only should be offered, and that the contents of a writing must be proven by its production, if in existence, and before its contents can be shown by oral evidence, the non-existence of the writing must be shown. The appellant, however, made no objection to the evidence and can not be heard to complain of it now.

The evidence, however, did not prove the commission of the offense charged in the indictment, within twelve months before it was returned. It is just as necessary to prove the essential ingredients of an offense, as it is to allege them in the indictment. The statement that the offense was committed during the year, 1921, did not prove that it was committed within twelve months before the indictment was found on the 22nd day of February, 1922, as it could have been committed during the year, 1921, and yet not

have been within twelve months before the indictment was found. Meredith v. Commonwealth, 192 Ky. 377 and 378; Richards v. Commonwealth, 195 Ky. 333. Hence, the evidence was not sufficient to support the verdict. No other questions are decided.

The judgment is therefore reversed and cause remanded for another trial, upon principles not inconsistent with this opinion.