46 So.2d 479 (1950)
BROWN
v.
STATE.
Supreme Court of Florida, Division B.
May 26, 1950.
Rehearing Denied June 16, 1950.
William W. Judge, Daytona Beach, for appellant.
Richard W. Ervin, Attorney General and Reeves Bowen, Assistant Attorney General, for appellee.
*480 SEBRING, Justice.
The appellant brings here for review a final judgment of the Circuit Court of Putnam County adjudging him to be guilty of feloniously setting up, promoting and conducting a lottery, of possessing and transmitting lottery tickets, and of being interested in and connected with a lottery yet to be played.
By agreement of counsel, the trial on the charges which formed the basis for the judgment was had before the trial judge without the intervention of a jury. From the record made of the trial, it appears that for many weeks prior to the arrest of the appellant the Sheriff of Putnam County had been in possession of trustworthy information that the appellant was engaged in promoting lotteries, that he used his grocery store in Palatka as a sort of headquarters for lottery activities carried on in Putnam County, and that on every Saturday of the week at a certain hour of the day the appellant would transport lottery tickets sold that week, together with money bet thereon, to Daytona Beach where the number was drawn for that week's betting.
Being possessed of this information, the Sheriff, on Saturday, July 2, 1949, procured the issuance of a search warrant from the County Judge authorizing him to search the automobile of the defendant; and later in the day, as the appellant was driving along the highway toward Daytona Beach at a speed of between 80 and 90 miles an hour, the Sheriff overhauled him, placed him under arrest and searched the automobile in which he was traveling. As the result of the search the Sheriff found a number of paper sacks containing lottery tickets for a lottery yet to be played and the sum of $2,000 in bills and coins.
After the appellant was lodged in jail, the Sheriff made a return of the search warrant, setting forth a schedule of the money, articles and things seized by virtue of the search and reciting therein that the warrant had been duly served by a delivery of a true copy to the arrested party.
Prior to the trial the appellant made a motion to quash the search warrant and to suppress the articles taken thereunder as evidence. The motion was granted by the trial judge upon the ground that the affidavit upon which the warrant was based was insufficient and defective.
At the trial the Sheriff testified, in effect, that at the time he arrested the appellant he had reasonable ground to believe and did believe from trustworthy information then in his possession, that when the appellant was proceeding along the highway to attend the drawing at Daytona Beach he had already committed a felony and was then in the process of committing another felony, namely, possession and transmission of lottery tickets in a lottery yet to be played, in violation of the criminal laws of Florida. With this testimony as a predicate the trial judge allowed the lottery tickets and money seized therewith to be admitted in evidence, over the objection of the appellant that they were inadmissible by reason of the prior order of the Court quashing the search warrant.
Subsequently, upon all the evidence submitted the trial judge found the appellant guilty as charged and rendered the judgment from which the appeal is taken.
The parties to this appeal are in hopeless disagreement as to the real issue before us for determination. We think, however, that upon the record submitted the pivotal question may be stated as follows:
Where a peace officer possesses trustworthy information that a certain automobile is being regularly used to transport contraband articles the transportation of which constitutes a felony, and obtains a search warrant authorizing the search of the car on a trip which the officer knows is about to be made, do articles taken from the car as the result of a search at the time of the arrest of the driver become inadmissible at the trial of the arrested person for possessing and transmitting such articles in violation of law, when the search warrant is held insufficient for the reason that it is based on a defective and insufficient affidavit?
*481 It is provided by statute that a peace officer may arrest without warrant "When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it." Section 901.15, Florida Statutes, 1941, F.S.A. As an incident to an arrest made under these conditions the arresting officer has the power, indeed, it is his duty, to search the person so arrested and to seize anything found on his person or in his possession or control tending to show that the person is guilty of a violation of the law. See Section 901.21, Florida Statutes, 1941, F.S.A.; Cortes v. State, 135 Fla. 589, 185 So. 323; Italiano v. State, 141 Fla. 249, 193 So. 48, certiorari denied, 310 U.S. 640, 60 S.Ct. 1088, 84 L.Ed. 1408; Longo v. State, 157 Fla. 668, 26 So.2d 818; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407. The fact that at the time of arrest the arresting officer may or may not have in his possession a warrant authorizing him to make a search is quite without legal significance; as is also the fact that such search warrant as he may have in his possession at the time may later prove to be insufficient. For the Federal Constitutional provision with respect to searches and seizures does not say that a search shall be made only under authority of a search warrant nor does it prescribe that a search shall not be made without a search warrant if it is practicable to secure one. The prohibition in the provision is against unreasonable searches and seizures. See Fourth Amendment to Federal Constitution; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. ___.
What is a reasonable or valid search in any case is a question of fact for the court to determine upon due consideration of the circumstances and manner under which the search is made. Haile v. Gardner, 82 Fla. 355, 91 So. 376. The test in such a case may well be, as is true in the case at bar, whether at the time of the arrest the officer had reasonable ground to believe and did believe that a felony was being committed in his presence by the person to be arrested; whether as an incident to the arrest the articles seized were found in the possession, custody or control of the person arrested; and whether the articles searched for and seized had been or were being utilized in perpetrating a crime for which the arrest was made and hence were property subject to seizure.
The judgment appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.