## UNITED STATES v. GATEWOOD.

Cr. 1642–52.

United States District Court
District of Columbia.

Jan. 19, 1953.

Charles M. Irelan, U. S. Atty. and Grace B. Stiles, Asst. U. S. Atty., both of Washington, D. C., for the United States.

T. Emmett McKenzie and Domenic Tesauro, both of Washington, D. C., for the defendant.

HOLTZOFF, District Judge.

The defendant is charged with violations of certain statutes relating to narcotics.

He has waived a jury trial and the case is now being tried by the Court alone.

The evidence is not controverted. The police officers entered the defendant's home for the purpose of apprehending a fugitive who they had reason to believe was to be found in the premises. They were admitted to the premises, but the fugitive whom the police officers were seeking was not present. One of the police officers noticed some white powder scattered on a magazine that was lying on top of a piece of furniture. He observed that there was a knife and a strainer next to the powder. He made an inquiry of the defendant as to the nature and use made of the powder, and the defendant replied that it was his and that he used it by snorting. The police officers thereupon seized the powder and the surrounding articles, and arrested the defendant on charges of violating the narcotics laws. The powder was shown to contain heroin.

At the trial, counsel for the defendant objected to the admissibility of the powder and the other articles, on the ground that they were illegally seized. Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that a person aggrieved by an unlawful search and seizure may make a motion for the return of the seized property, and for the suppression of its use as evidence, if he claims that the property was illegally seized without a warrant. The rule further provides that the motion shall be made before trial, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but that the Court in its discretion may entertain the motion at the trial. In this case the defendant complied with the rule and made such motion before the trial. The motion was denied.

 The Court is of the opinion that a ruling on such a motion becomes the law of the case and the matter may not be reconsidered at the trial. Otherwise the rule requiring such motions to be made prior to the trial becomes meaningless and futile. The purpose of the requirement is that the trial should not be impeded or delayed by a determination of a collateral matter, namely, the legality of the search and seizure, but that this issue should be determined previously. Consequently, the Court deems itself bound by the ruling on the motion to suppress.

 Irrespective of this consideration, however, even if the matter were to be determined *de novo,* the Court would hold that the search and seizure was legal. The Fourth Amendment to the Constitution does not prohibit all seizures. It proscribes only seizures that are unreasonable. It is well-established that a search of premises, either pursuant to a search warrant or without a search warrant incidental to an arrest made therein, is reasonable and, therefore, permitted by the Fourth Amendment. But these are not the only searches permitted by the Fourth Amendment. Any reasonable search is proper. It must be assumed that the wise men who framed the Bill of Rights did not have in mind and did not entertain a purpose of obstructing the enforcement of the criminal law. The object of the Fourth Amendment is to prevent oppression of innocent persons and to eliminate the use of oppressive methods even against the guilty, but not to interfere with reasonable methods of detecting crime and apprehending malefactors.

In this case the police officers were legally in the premises. They saw a white powder. The powder might have been innocent or it might have been contraband. They enquired of the defendant what it was, and their suspicions were justified by the defendant's admission that he used the powder by snorting it, which of course was an admission that it was a form of narcotics. The defendant having freely made that admission, the officers were then in a position of seeing a felony being committed in their presence, because under the narcotics laws possession of a narcotic is presumptive evidence of guilt.

The Court is of the opinion that the seizure was legal and adheres to the ruling admitting the evidence. The Court finds the defendant guilty on both counts of the indictment.