74 So.2d 652 (1954)
COURINGTON
v.
STATE.
Supreme Court of Florida. En Banc.
July 30, 1954.
Rehearing Denied October 5, 1954.
*653 T.C. Cork, Clermont, for appellant.
Richard W. Ervin, Atty. Gen., and J. Ernest Webb, Asst. Atty. Gen., for appellee.
MILLEDGE, Associate Justice.
In November, 1952, the appellant was involved in an automobile accident in Lake County, Florida. Shortly after the accident, a deputy sheriff, en route to Tavares with a prisoner, appeared on the scene. The deputy, after observing the scene and the appellant, placed the appellant under arrest for driving while intoxicated. Subsequently, at the scene, certain witnesses to the accident advised the deputy, in effect, that the appellant put some papers in the trunk of his car.
The deputy then searched the trunk of the vehicle and found some punch boards, cash money in a paper sack and some tickets or slips of paper which it was claimed, on the basis of expert testimony, were lottery tickets.
The appellant was charged and convicted of possession of gambling implements. At the trial appellant sought unsuccessfully to suppress the evidence found in the trunk of his car on the grounds that the search and seizure was unlawful.
In this appeal, appellant raises a number of questions. However, the only question we feel called upon to consider is whether or not the trial court committed error in refusing to suppress the evidence.
The search of the trunk of appellant's car was made without a warrant. Hence its legality turns upon whether or not it was incident to a lawful arrest and appropriate to the reasonable requirements for making effective a lawful arrest. State ex rel. Stillman v. Merritt, 86 Fla. 164, 99 So. 230, 234; Haile v. Gardner, 82 Fla. 355, 91 So. 376, 378.
We think that under the facts and circumstances of this case the search of the trunk of appellant's car was not appropriately incident to making effective a lawful arrest for driving while intoxicated. Our view is bolstered by the testimony of the deputy which indicates that the search of the trunk would not have been made but for the statements of witnesses relating to appellant's putting some papers in the trunk.
In so ruling, it ought well be added that the facts and circumstances here reveal that it was not impracticable or impossible for the officer to obtain a search warrant if he possessed sufficient information to justify the issuance of one.
It follows that the motion to suppress should have been granted.
Reversed.
*654 TERRELL, THOMAS, MATHEWS and HOBSON, JJ., concur.
ROBERTS, C.J., dissents.
DREW, J., not participating.
ROBERTS, Chief Justice (dissenting).
The appellant was charged with possession of "certain implements or devices for conducting a lottery," was tried and convicted of the charge, and this appeal followed.
The principal evidence against the accused was obtained when his car was searched at the time of his arrest by a police officer on a charge of driving while intoxicated, which arrest was made without a warrant immediately following and at the scene of a highway collision in which the appellant was involved. (It might be here noted that the appellant was subsequently convicted of the charge of driving while intoxicated, although an appeal from such conviction is said to be pending.)
It is admitted that, after the accident, the appellant removed the articles in question from the glove compartment of his car, placed them in the trunk thereof, and locked the trunk. His actions in this respect were observed by one of the passengers in the other car involved in the accident, who notified the police officer after his arrival at the scene that the appellant "had took something from the front of the car and hid it in the back of the car." This information apparently inspired the search of the appellant's car by the arresting officer, resulting in the disclosure of the evidence above referred to, upon which the charge in the instant case was based.
The principal question on this appeal is whether, under Section 22 of the Declaration of Rights of the Florida Constitution, F.S.A., prohibiting unreasonable searches and seizures, the evidence thus obtained was admissible against the appellant.
Section 22 of our Declaration of Rights is almost identical with the Fourth Amendment to the United States Constitution; and in determining whether a search or seizure was "unreasonable," within the meaning of Section 22, supra, this court has consistently followed the decisions of the United States Supreme Court relating to similar questions arising under the Fourth Amendment.
It must be taken as settled law in federal courts that an officer may, without a warrant, contemporaneously with and as an incident to the making of a valid arrest, search the immediate premises where the prisoner is taken into custody, if such premises are within the prisoner's control, for the purpose of finding and seizing any articles which are the means by which the alleged crime has been committed, or are connected with the alleged crime as its fruits, or are instruments of a nature capable and suggestive of possible use to effect an escape. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629.
And this court in Brown v. State, Fla., 46 So.2d 479, 481, citing, inter alia, the above-cited cases, said that: "As an incident to an arrest made under these conditions the arresting officer has the power, indeed, it is his duty, to search the person so arrested and to seize anything found on his person or in his possession or control tending to show that the person is guilty of a violation of the law."
Since the decision of the United States Supreme Court in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399, affirming 10 Cir., 151 F.2d 837, 169 A.L.R. 1413, it is also settled federal law that officers, in making a legal search of premises as an incident to a lawful arrest, may seize the instruments or means of committing another and wholly unrelated crime where the articles seized are of a contraband nature, the possession of which is illegal per se, or where another crime is discovered being committed in the presence of the officers. *655 See also United States v. Gatewood, D.C., 109 F. Supp. 440; Honig v. United States, 8 Cir., 208 F.2d 916.
Recognizing that the right of the citizen to be protected against unreasonable searches and seizures is one of the most important of the basic and fundamental "freedoms" guaranteed to the people of this Nation by the Bill of Rights of the United States Constitution and the Declaration of Rights of the Florida Constitution, this court has never relaxed its vigilance in preserving and maintaining this right. Compare Collins v. State, Fla., 65 So.2d 61; Brown v. State, Fla., 62 So.2d 348; Boynton v. State, Fla., 64 So.2d 536. But it must be remembered that the object of the Fourth Amendment, as of Section 22 of our Declaration of Rights, was "to prevent oppression of innocent persons and to eliminate the use of oppressive methods even against the guilty, but not to interfere with reasonable methods of detecting crime and apprehending malefactors." United States v. Gatewood, supra, 109 F. Supp. 440, 441. And I am impressed with the practical, common-sense approach to this problem taken by the lower court in Harris v. United States, supra, 151 F.2d 837, 841, when it was said:
"It would indeed be a flouting of the law to hold that officers while legally searching as an incident to a lawful arrest could not seize the instruments or the means of committing another and wholly unrelated offense unexpectedly uncovered by such search, simply because they did not enter for that purpose. In our judgment, the immunity does not extend that far."
Once it is accepted that a reasonable search of the premises may be made in connection with a lawful arrest with or without a warrant (and this court so holds, Brown v. State, supra, 46 So.2d 479), there is, in my opinion, no valid reason for holding that the officers may not seize articles disclosed by the search which are in no way connected with the crime for which the arrest is being made, when such articles are of a contraband nature, the possession of which is illegal per se. Many courts of last resort of other states have followed the United States Supreme Court in holding that similar provisions in their state constitutions against unreasonable searches and seizures do not prohibit the seizure of such articles. See Ginter v. Commonwealth, Ky., 262 S.W.2d 178; Williams v. Commonwealth, Ky., 261 S.W.2d 807; Thompson v. State, 153 Miss. 593, 121 So. 275; Williams v. State, 216 Miss. 158, 61 So.2d 793; State v. McKindel, 148 Wash. 237, 268 P. 593; State v. Hawkins, 362 Mo. 152, 240 S.W.2d 688; Smith v. State, 215 Ind. 629, 21 N.E.2d 709; People v. Davis, 247 Mich. 536, 226 N.W. 337; King v. State, 73 Okla. Cr. 404, 121 P.2d 1017. Several of the cases just cited involved the search of an automobile in connection with an arrest, the automobile being, in the circumstances, the "immediate premises under the control of" the accused.
It is my opinion, then, that since the officer here was authorized to search the automobile of the appellant contemporaneously with his lawful arrest of the appellant, and since the articles disclosed by such search, though unconnected with the offense for which the arrest was being made, were of a contraband nature, the possession of which was in and of itself a crime, they were properly admitted in evidence against the appellant on his trial for the unlawful possession thereof.
There is no question here of whether it was "practicable to secure a search warrant", as contended by appellant. No warrant was needed for the search made in connection with the arrest, and so that question never arose. In Brown v. State, supra, 46 So.2d 479, this court cited the decision of the United States Supreme Court in United States v. Rabinowitz, supra, 339 U.S. 56, 70 S.Ct. 430, in holding that the constitutional provision with respect to searches and seizures "does [not] prescribe that a search shall not be made without a search warrant if it is practicable to secure one. The prohibition in the provision is against unreasonable searches and seizures." [46 So.2d 481.] And it was said in the Rabinowitz case [339 U.S. 56, 70 S.Ct. 435] that "Upon acceptance of this established rule that some authority to search follows from lawfully *656 taking the person into custody, it becomes apparent that such searches turn upon the reasonableness under all the circumstances and not upon the practicability of procuring a search warrant, for the warrant is not required."
The test of whether a search was or was not reasonable must be determined upon "due consideration of the circumstances and manner under which the search is made." Brown v. State, supra, 46 So.2d 479, 481; Haile v. Gardner, 82 Fla. 355, 91 So. 376. Under the circumstances disclosed by this record, the search was clearly reasonable; and it is unnecessary to decide whether, absent such circumstances, the mere fact that a person "took something from the front of the car and hid it in the back of the car" would justify a search of the car, either with or without a warrant.
The other questions presented by the appellant have been considered, but no error has been made to appear.
For the reasons stated, I would affirm the judgment of the lower court.