TERRELL, Justice.
James Turner was tried and convicted for “unlawfully aiding and assisting in the setting up, promoting and conducting of a lottery and lottery drawing, and was interested and connected with a lottery drawing, the aforesaid lottery being for money; the aforesaid lottery being commonly known as Bolita and Cuba.”, Motion for new trial was denied and sentence of one year in the state penitentiary was imposed. This appeal is from that judgment:
Account of personal friendship of defendant with the prosecuting witnesses who were police officers arid who induced him to accept money from them in an effort to purchase gambling bets, it is first contended that the trial court committed error in refusing to instruct the jury on the defense of entrapment.
In our view, this question is foreclosed against appellant by Lashley v. State, Fla., 67 So.2d 648, and Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. These cases explore the question of entrapment fully, making other comment useless except to point out that it is doubtful if under the facts of this case entrapment was such a defense as to merit special jury instruction, nothing but credibility of the evidence being involved.
It is next contended that it was error to permit the prosecuting attorney, over defendant’s objection, to display slips of paper called bolita tickets found in defendant’s possession, to the jury and to interrogate defendant concerning such slips of paper, they having been secured by illegal search and seizure and having been previously suppressed by the court on motion of defendant.
This is a more serious question but we think it is foreclosed against appellant by Brown v. State, Fla., 46 So.2d 479. It is true that the court held this evidence inadmissible because the search was predicated upon the defective warrant for arrest. The county solicitor did not surrender the tickets but on cross examination it became apparent that appellant was relying on the defense of entrapment so he drew them from his pocket in the presence of the jury and interrogated the defendant about them.
Section 901.15 F.S.A. is not limited in its application to those situations where the arresting officer is without a warrant but is also applicable where the arresting officer is armed with a warrant that later proves to be defective if the arresting officer has, as stated in the third section of said statute, “reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person arrested has committed or is committing it.” Brown v. State, supra. The arresting officer based his arrest on information of the three policemen *893 who secured the evidence. The fact that the warrant was defective is not material; while it should be secured if reasonably possible, the statute does not make it mandatory. There must be authority for the arrest somewhere. Some of the cases relied on. by appellant are persuasive but they do not overcome the doctrine of the cases cited herein. The modest sentence and the fact of recommendation of mercy by the jury, while of no avail in a case like this, may be indicative of the fact that appellant was thought to be naive and was imposed on. If this be true, it is not a matter that this Court can correct when good basis for the judgment is shown. Other questions urged have been considered but we find no reversible error. The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATNEWS, JJ., concur.