SMITH, Judge.
Defendant, Lovick Adams, appeals from a conviction of violation of the lottery laws. The facts are as follows:
Two officers of the Vice Squad of the Hillsborough County Sheriff’s Office proceeded to the building known as 605 Polk Street, Tampa. The officers had in their possession a search warrant. Upon arrival at the building, the officers opened the door of office number 3 in that building, whereupon the defendant, according to the testimony of the officers, while the officers were standing on the outside in the rain, said, “come in out of the rain.” The only variance to the manner of their admission was the testimony of the defendant that the officers opened the door and came in and that he invited them in after they were in the office. The door opened directly into the open courtyard of the building. The officers and the defendant engaged in “small talk” for a few minutes and during this interim, the telephone rang and the officers observed the defendant writing down num *904 bers. Several other telephone calls of a similar nature followed while the officers conversed with a colored boy in the office. The officers then testified to the effect that, based upon their knowledge and experience of the operations of lotteries and from their observance of the telephone calls, the writing down of numbers on pads of paper, and from their observance of the other paraphernalia on the defendant’s desk, they then concluded that the defendant was violating the lottery laws. The officers then, for the first time, identified themselves, arrested the defendant, executed the search warrant, searched the defendant and office number 3, and seized certain items which they identified as lottery paraphernalia
On motion of the defendant, the court quashed the search warrant because the description of the premises to be searched was not substantially set forth. However, the court denied the motion of the defendant to suppress the evidence seized on the basis of a finding that the officers were invited into the premises by the defendant, where they observed that a felony was being committed in their presence; that the arrest was lawful; and, that as an incident to the arrest, the officers had the power and duty to search the defendant and to seize anything found on his possession or in his possession or control tending to show that he was guilty of a violation of the law. We affirm.
These officers were unknown to the defendant, and the defendant was unknown to them. At the time of their admission to the premises, they were not identified as police officers. Thus, they did not gain access to the premises under color of their office or of the law as were the facts in Dunnavant v. State, Fla.1950, 46 So.2d 871, They were admitted as private citizens. Comparison of the manner of their admission with the manner of admission of police officers as detailed in Collins v. State, Fla.App. 1962, 143 So.2d 700, points out a line of demarcation between officers gaining admission to premises without exercising their power and authority as police officers, as are the facts in this case, as distinguished from gaining admission to premises under color of their office and of the law, as were the facts in Collins v. State, supra. The fact that at the time of their entry they had in their possession a search warrant, which subsequently proved to be insufficient, was immaterial. Brown v. State, Fla.1950, 46 So.2d 479; Turner v. State, Fla. 1954, 74 So.2d 891. The officers had sufficient cause to place the defendant under arrest. Fletcher v. State, Fla. 1953, 65 So.2d 845. The subsequent search of the premises was justified as an incident to the arrest. Bozeman v. State, Fla.App. 1958, 102 So.2d 648.
Affirmed.
ALLEN, Acting C. J., and KANNER, J., concur.