James Ellis MAULDIN and Daniel Sparks Roberts, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20551.

United States Court of Appeals Fifth Circuit.

Feb. 28, 1964.

M. H. Myerson, Jacksonville, Fla., A. K. Black, Lake City, Fla., for appellants.

James H. Walsh, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and JONES and GRIFFIN B. BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellants seek to reverse a judgment of conviction entered on a jury verdict under an indictment charging them with possessing an unregistered still in violation of Title 26 U.S.C.A. § 5601(a) (1). Their claim that the evidence was insufficient to warrant the convictions is utterly without merit. Three eye witnesses testified to seeing them, and them alone, working in and about the still. In addition, Mauldin's automobile was at the still which was on the edge of a swamp in an isolated place. McFarland v. United States, 5 Cir., 1959, 273 F.2d 417.

Mauldin raises two additional questions with respect to his conviction. First, he states that the court improperly commented on the weight to be given certain evidence. The comment came in connection with whether the evidence was admissible. It was not an improper comment in the setting within which it was made; and moreover, the court made it clear to the jury that it was not bound by any view of the court on the facts.

See Lott v. United States, 5 Cir., 1956, 230 F.2d 915.

Mauldin also contends that his arrest was illegal, and that testimony as to statements thereafter made by him was inadmissible. Assuming, but expressly not deciding that the testimony in question was harmful, this contention is nevertheless without merit. The arrest was made by a federal officer who was at the still site along with three state officers. He testified that he could not identify appellants from what he saw at the site. One of the state officers knew Roberts and had previously seen Mauldin with Roberts but did not know his name. Just before flushing appellants at the site, and after having surrounded it, Mauldin came literally eyeball to eyeball with one of the state agents through the underbrush, gave an alarm, and together with Roberts, got away. Roberts came to the office of the federal agent with one of the state agents two days later and was then arrested, but his arrest is not in issue. On the same day the agents learned that Mauldin was working on a highway construction project near Lake City and the federal agent, along with two of the state agents went to see Mauldin there. The federal agent stated to the state agents that he had a man he wanted them to try to identify as having been at the still. Upon being identified by the state agents, Mauldin was placed under arrest by the federal agent.

Whether this arrest was legal depends upon the Florida law. United States v. Di Re, 1947, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. That law is as follows:

(Fla.Stat., 1951, § 901.15, F.S.A.)

"A peace officer may without warrant arrest a person:

\* \* \* \* \* \*

"(3) When he has reasonable ground to believe that a felony has been \* \* \* committed and reasonable ground to believe that the person to be arrested has committed \* \* \* it. \* \* \* \*"

781

See also Flowers v. State, Sup.Ct., 1943, 152 Fla. 649, 12 So.2d 772, arrest without warrant months after crime by officers upon identification; and Turner v. State, Sup.Ct., Fla.1954, 74 So.2d 891, warrant defective, authority for arrest by officer based on information from three other officers who secured evidence. Cf. Bryant v. State, Fla.Ct. of App., Second Dist., 1963, 155 So.2d 396, discussing what amounts to a reasonable ground to believe that a felony has been committed so as to make an arrest under Florida law without a warrant, and citing Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, wherein it is equated with probable cause as used in the Fourth Amendment.

The arrest was legal since reasonable ground for the arrest by the federal agent existed within the scope of the Florida law, once Mauldin was identified for him by the state agents.

The judgment is affirmed.