**Robert HUNT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 8, 1964.

Miller, Griffin & Marks, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, Charles Calk, Commonwealth's Atty., Lexington, for appellee.

WADDILL, Commissioner.

Robert Hunt was arrested upon two warrants accusing him of violating a Lexington City Ordinance by indecently exposing himself in public. He was convicted upon his trial in the City Police Court and was again found guilty by a circuit court jury on his appeal to that court. He seeks reversal of the judgment fixing his punishment at 45 days in jail on each offense, to be served concurrently.

Appellant contends that the Commonwealth failed to prove that the acts of exposure were made in public and with the intention of being seen by other persons. In Case v. Commonwealth, 313 Ky. 374, 231 S.W.2d 86, we held that the indecent exposure must either have been in the actual presence and sight of other persons or under such circumstances that the exhibition was presumably for the purpose of being seen by others and was not merely inadvertent or accidental.

Mrs. Charles Bell testified that on July 30, 1963, while returning to her home, she looked in the direction of appellant's residence and saw him standing immediately inside the front door, nude and performing an indecent act. Mrs. Juanita Summers, who occupies a house located across the street from appellant, testified that on numerous occasions between October, 1962 and July 30, 1963, she had seen appellant standing nude inside his house before a picture window with the curtains drawn back. Another neighbor of appellant, Mrs. Sylvia Gehefer, stated that during October, 1962, she saw appellant exposing himself in front of a window of his house and that this had frequently occurred. She stated further that on one of these occasions the appellant rapped on the window to draw her attention. This evidence with the inferences that may reasonably be drawn therefrom, is adequate to justify the submission of the case to the jury and to sustain the conviction.

It is next contended that appellant was entitled to a directed verdict of

acquittal because the Commonwealth failed to prove the specific dates on which the offenses were committed.

Appellant was accused of committing two acts of indecent exposure. It was alleged and proven that the first offense was committed during October, 1962, and the second offense occurred on July 30, 1963. Since the alleged offenses are misdemeanors the dates on which they occurred are a material ingredient in determining whether the one year statute of limitations operates as a bar to their prosecution. KRS 431.090; Ballou v. Commonwealth, 195 Ky. 722, 243 S.W. 922. It is undisputed that the offenses alleged to have been committed were both prosecuted within one year of their alleged occurrence. Under these circumstances there is no merit in this contention. If the appellant had desired more specific information concerning the alleged offenses, he could have availed himself of the procedure provided by RCr 6.22.

The judgment is affirmed.