**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-10558

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO RAY JACOBS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
3:99-CR-342-ALL-H

_____

July 11, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Antonio Ray Jacobs ("Jacobs") appeals his conviction and sentence for the unlawful

possession of a firearm by a convicted felon in violation of 18 U.S.C. § § 1922(g)(1) and 924(e) (the

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Armed Career Criminal Act).  He argues that the district court improperly interfered with his cross-examination of the government's witness, and that the indictment failed to conform with requirements of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  We affirm.

This case arises from the pawning of a gun at the EZ Pawn Shop.  According to Jacobs' account, an acquaintance of his named "Big Tim" wanted to pawn a gun but could not do so because he lacked a valid identification.  In exchange for a $30 loan, Jacobs agreed to pawn Big Tim's gun using his identification.  The two men entered the EZ Pawn Shop, where Jacobs provided his identification and signed a pawn ticket for the gun.  Jacobs claims that he never physically touched the gun, and that Big Tim had handled the gun during the entire transaction.  Melanie Brenton, an employee at the shop, disputed this account at trial.  She did not recall if Jacobs was accompanied by anyone, but she testified that Jacobs himself had handled the gun.  She said that she had followed the store policy (and Texas state law) of requiring the person who pawned the gun to maintain sole physical possession of it.

Three weeks later, Jacobs returned to the shop to redeem the gun.  The store refused to return the gun because of problems stemming from a routine check of Jacobs' criminal background, which revealed several prior burglary convictions.  Later, Jacobs was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 1922(g)(1).  At trial, he admitted that he was a convicted felon, but he maintained that he never had possession of the pawned gun.

In support of this defense, Jacobs (or more specifically, Jacobs' attorney) cross-examined Brenton, questioning her bias and credibility.  He showed her a piece of paper that purported to be a termination notice of Brenton's employment at the Pawn Shop for selling an item to herself at a discount.  The district court judge noted that the piece of paper had not been authenticated, let alone

admitted into evidence. Jacobs responded that he was using this extrinsic evidence to establish motive only. The judge commented that he thought the document had "very little value," but said that the jury members themselves would have to decide this issue and allowed Jacobs to use the document during his cross-examination of Brenton. After both sides had concluded their presentation of evidence, Jacobs told the judge at the charging conference that he was using the document to show motive for impeachment purposes, not to cross-examine Brenton on extrinsic evidence. The judge answered that he should have clearly presented this argument during trial, but he nevertheless allowed Jacobs to refer to the document in the closing argument.

The jury found him Jacobs guilty of possessing the gun. The court then sentenced Jacobs to the minimum possible sentence of fifteen years pursuant to the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e). Jacobs' three prior burglary convictions were deemed predicate "violent" offenses under the Act, thus enhancing his sentence. On appeal, Jacobs raises two arguments. First, he claims that his right to a fair trial was denied because the court limited his cross-examination of Brenton and made prejudicial comments about the value of the termination notice. Second, Jacobs argues that his three predicate violent offenses were not mentioned in his indictment in violation of *Apprendi*. He claims that they are elements of the offense that must be proven beyond a reasonable doubt to the jury. Finding that both arguments lack merit, we affirm the conviction and sentence.

We normally review a district court's evidentiary rulings for abuse of discretion. *See United States v. Powers*, 168 F.3d 741, 748 (5th Cir. 1999). However, if an issue was not raised before the district court, we review for only plain error. *See United States v. Torrez*, 40 F.3d 84, 86 (5th Cir. 1994) (stating that the error has to be clear or obvious, and affects substantial rights).

We fail to see how the district court impeded Jacobs' cross-examination of Brenton. Jacobs

seems to argue that the district court erred by failing to admit Brenton's notice of termination into evidence. However, the trial transcript shows that Jacobs never attempted to offer the termination notice into evidence. Nor did he raise any objections during trial. Indeed, Jacobs assured the court, "I don't intend to offer it into evidence, Your Honor." Moreover, as the trial transcript amply shows, the district court allowed Jacobs to cross-examine Brenton thoroughly about the termination notice, despite it not being admitted into evidence.[1] Jacobs was allowed to asked her whether the notice of

---

[1]       The relevant parts of the cross-examination of Brenton, and the discussion between the district court judge and Jacobs' attorney are as follows:

[Attorney]: On November the 11th of 1999, you were fired from EZ pawn shop for not following procedure; isn't that correct?
[Brenton]: No, I was not. . . .
[Attorney]: Your Honor, may I approach the witness? . . .
[The Court]: Are you showing her something that's in evidence or has it been identified?
[Attorney]: Just identified, Your Honor, but it's not in evidence.
[The Court]: Has it be[en] identified by whom?
[Attorney]: Your honor, I am using it to establish motive and therefore I am entitled to extrinsic evidence.
[The Court]: But it's got to be identified before it's admissible.
[Attorney]: I don't intend to offer it into evidence, Your Honor.
[The Court]: Let's go. The jury knows and I know nobody has identified that at this point. Go ahead.
[Attorney]: Thank you. Ma'am, would you take a look at that form?
[Brenton]: Yes.
Q: Is that a notice of termination form?
A: Yes, it is.
Q: Does that have your name on top of it?
A: Yes, it does.
Q: Does it say at the bottom that you were discover[]ed selling an item to yourself via another employee?
A: Yes, it does.
Q: Without receiving approval?
A: It sure does.
Q: Under a fictitious name?
A: Yes, it does.
Q: And at a discount?
A: Yes, it does.

termination mentioned her name; whether it alleged that she was dismissed; whether it alleged that she sold a good to herself in violation of store policy; and whether the notice recommended that she not be rehired. After reviewing the record, we hold that the district court did not impermissibly interfere with Jacobs' right to cross-examine Brenton.

The district court judge's statement that the notice of termination has "little value" is more troubling, however. Our review of the judge's comments are limited to plain error because Jacobs failed to raise an objection at trial. *See Reese v. Mercury Marine Division of Brunswick Corp.*, 793 F.2d 1416, 1423 (5th Cir. 1986). In context of the entire trial, we do not believe that the district court's remark amounts to plain error. *See id.* (evaluating a trial court judge's remarks from the record as a whole and not as an isolated comment). Although the district court judge commented that the notice of termination was of "little value" because it had not been admitted as evidence, he quickly added that this issue was for the jury to decide.

In addition, the district court, despite not being requested to give a curative instruction, told the jury: "During the course of a trial I occasionally make comments to the lawyers . . . or admonish a witness or a lawyer. Do not assume from anything I have said that I have intended to express an opinion concerning the issues in this case. Except for my instructions to you on the law, you should

---

Q: And no rehire?
A: That's correct but it doesn't make this document fact. . . .
[Court]: And the document is not in evidence. It is not be considered as evidence in any way, shape or form.
[Attorney]: I understand, Your Honor. It's only for purpose—
[Court]: So it has very little value. I would take it, members of the jury, you'll decide later but I don't think it has any value?
[Brenton]: I didn't sign this document. This document has no bearing on me.
[Attorney]: Do you work for EZ Pawn any more, ma'am?
A: No I do not. I walked out.

disregard anything I may have said during the trial in arriving at your own findings as to the facts."

Jacobs simply has not shown that the court's comment was plain error, and that it prejudiced his rights.  *See Mauldin v. United States*, 328 F.2d 779, 780 (5th Cir. 1964) (stating that the court's comments about the admissibility of an evidence was not improper in part because the court told the jury that it was not bound by the court's comments).

Second, Jacobs argues that his sentence was unconstitutionally enhanced for his prior violent offenses, because the indictment failed to allege the prior convictions as elements of the offense for the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Specifically, he claims that under *Apprendi,* the government had to allege in the indictment and prove beyond a reasonable doubt that Jacobs had been convicted of three prior predicate violent offenses.  This argument lacks merit.  In *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), the Supreme Court held that 8 U.S.C. § 1326(b)(2)'s enhancement provision was a sentencing factor, and not a separate criminal offense which must be alleged in the indictment.  The Supreme Court in *Apprendi* expressly declined to overrule *Almendarez-Torres.  See Apprendi*, 530 U.S. 489-90.

Jacobs attempts to distinguish *Almendarez-Torres* by claiming that the holding was limited to the unique facts of the case.  We find no persuasive language in either *Almendarez-Torres* or *Apprendi* to support that reading.  Indeed, the Supreme Court in *Apprendi* said, "[*o*]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). Furthermore, several Circuits have expressly rejected Jacobs' argument that the provisions of § 924(e) are elements of the offense.  *See United States v. Affleck*, 861 F.3d 97, 99 (5th Cir. 1988) (holding in a pre-*Apprendi* case that § 924(e) "is intended only to provide enhanced

punishment for those persons convicted under § 922(g) . . . . [and that it is] not an element of the offense for which he was indicted and convicted"); *United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000) (holding that prior felony convictions are "mere sentence enhancements, not elements of an offense"); *United States v. Mack*, 229 F.3d 226 (3rd Cir. 2000) (same).

    AFFIRMED.