## BRAMLETTE *v.* STATE.

(In Banc.   May 11, 1942.)

[8 So. (2d) 234.   No. 35033.]

Sam E. Lumpkin, of Tupelo, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was tried and convicted by a justice of the peace upon what purported to be an affidavit charging unlawful possession of intoxicating liquor. The alleged affidavit was neither signed nor sworn to prior to his trial, but after conviction and appeal taken therefrom it was signed and sworn to by the officer who had previously procured its preparation.

Upon appeal to the circuit court appellant moved to quash the affidavit. Motion was denied, the case was tried to a jury, and defendant convicted. The error assigned is that the circuit court was without jurisdiction because the affidavit was void ab initio.

If a justice of the peace has no jurisdiction, the circuit court acquires none upon appeal. Ivy v. State, 141 Miss. 877, 106 So. 111. The affidavit is a prerequisite to prosecution for misdemeanor. Code 1930, Sec. 2098. The affidavit is the foundation of the jurisdiction of the justice of the peace. Coulter v. State, 75 Miss. 356, 22 So. 872; 22 C. J. S., Criminal Law, sec. 303, p. 457, and the court has no jurisdiction without it. Bigham v. State, 59 Miss. 529.

We are not confronted with the question to what extent an affidavit may be amended upon appeal. We have here a case where appellant was tried in the justice of the peace court without an affidavit. A paper not sworn to is not an affidavit; the oath is its essence. There was no amendment, but rather the execution, of an affidavit after trial and conviction. Appellant was tried without due process. The circuit court may not, by allowing the belated affidavit to stand, at once retroactively bestow upon and borrow from the justice of the peace its jurisdiction.

Reversed and remanded.