CONNER *v.* STATE.

(In Banc.   April 10, 1944.)

[17 So. (2d) 527.   No. 35465.]

**John Sharp Butler**, of Quitman, for appellant.

336

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant was convicted of the unlawful possession of intoxicating liquor. Her main defense is she was using the whiskey for medicinal purposes under prescription of a doctor. That question arises under these circumstances: Between the 5th and 15th of October appellant

was seriously ill with blood poison. Her physician administered a sulfa drug to counteract the poison. The drug did that but appellant was left in a weakened condition. Her doctor told those attending her she needed some whiskey, or wine, or other stimulant. No written prescription therefor was issued. On October 19th the sheriff, acting under proper warrant, searched the home of appellant and found therein, underneath the mattress on her bed, one partly used and three unopened half-pints of whiskey. Appellant did not deny the whiskey belonged to her and there is no explanation of when, how, or from whom, she obtained it. The deputy sheriff testified that appellant was present when the whiskey was found and appeared to be in normal physical health, but appellant testified she was then ill and very weak and that presence of the officers made her so nervous she had to take ammonia.

Sections 2634 to 2638, both inclusive, Vol. 2, Code of 1942, authorizes druggists to sell pure alcohol to practicing physicians upon their written prescriptions therefor, to which shall be attached a certificate of the physician "that the use thereof is necessary to alleviate or cure the illness or disease from which such patient is suffering," the quantity not to exceed one-half pint on each prescription, which must be filled on the day issued or the following day, all such prescriptions to be filed with and preserved by the circuit clerk of the county in which issued.

It is at once apparent that the facts of this case do not bring appellant within the protection of these statutes.

Appellant further says the circuit court, in which she was convicted and from which she appeals, had no jurisdiction of this case for the reason the proceeding had been instituted in a justice of the peace court and that court had jurisdiction. As to the proceeding before the justice of the peace, the record discloses, and discloses only, that on October 10, 1943, the sheriff made affidavit for, and the justice of the peace issued, a warrant to search

the home of appellant, and that the sheriff made the search, found the whiskey, arrested appellant and placed "her under bond." The kind of bond is not shown but we may assume it was a bond to appear before the justice of the peace. It is not shown that any affidavit was made before the justice of the peace charging her with unlawful possession of intoxicants. No proceedings whatever are shown to have taken place before the justice of the peace after the issuance of the search warrant. Apparently none occurred, because appellant was tried in the circuit court on an indictment and not on appeal. Without such charging affidavit no case against appellant was pending before, or could be tried by, the justice of the peace. "The affidavit is a prerequisite to [the] prosecution for [a] misdemeanor. . . . The affidavit is the foundation of the jurisdiction of the justice of the peace . . . and the court has no jurisdiction without it." Bramlette v. State, 193 Miss. 24, 8 So. (2d) 234. The affidavit for the search warrant is not, and cannot be, a substitute for such charging affidavit. Powell v. State, 196 Miss. 331, 17 So. (2d) 524.

Affirmed.