BARNES, J.,
for the Court.
¶ 1. On a trial de novo in the circuit court of Prentiss County, on March 2, 2006, the court convicted Shannon Ellis Wildmon of driving under the influence of intoxicating liquor. Aggrieved by the judgment rendered, Wildmon appeals, asserting the following errors: (1) as there was no date to appear to answer the charge on the traffic citation of driving under the influence, the citation did not constitute a sworn affidavit, (2) a sworn affidavit must be filed in municipal court to confer jurisdiction, and (3) as the municipal court did not have jurisdiction, the circuit court could not acquire jurisdiction upon appeal. Finding no reversible error in Wildmon’s assignments of error, we affirm the judgment of the circuit court.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On May 14, 2005, Officer Joshua Davis, of the Booneville Police Department, made a traffic stop of a motor vehicle driven by Wildmon, for failure to stop at a traffic stop sign. Officer Davis noticed a strong odor of alcohol and that Wildmon had glazed, bloodshot, and heavy eyes. Wildmon also exhibited slurred speech and admitted to Officer Davis that he had consumed approximately a six-pack of beer that evening. As Wildmon exited the vehicle, Officer Davis noted that Wild-mon smelled strongly of alcohol and stumbled while getting out of the vehicle. In the meantime, Officer Donald Thomas arrived as backup to Officer Davis. Field sobriety tests were performed at the scene of the stop which included the standardized HGN, walk and turn, and one-leg stance. Officer Davis, trained in standardized field sobriety testing, administered the HGN test which indicated four indicators out of a possible six. In addition, the walk and turn portion indicated four indicators which included Wildmon’s missing the heel to toe movement multiple times, stepping off the line and taking too many steps on the return. Based on their observations, Officers Davis and Thomas deter *306 mined that Wildmon was under the influence of intoxicating liquor to the extent his ability to operate a motor vehicle was impaired. Officer Thomas, who was certified to operate the Intoxilyzer machine, offered the test to Wildmon, who refused.
¶ 8. Wildmon was issued Uniform Traffic Ticket No. 050755 charging him with driving under the influence. The citation had an incorrect address for the location of the courthouse[1] and failed to contain the date for Wildmon to appear in municipal court. Wildmon was also issued a second citation, Uniform Traffic Ticket No. 029764, charging him with disregarding a traffic device, due to his failure to stop at the stop sign. This citation did contain the date for court and the correct address of the Booneville municipal court. Wildmon posted bond which indicated that his appearance was required on June 27, 2005 at the Boone-ville municipal court. Wildmon entered his appearance through counsel on June 22, 2005, and the Clerk noted a court date of August 11, 2005. The City of Booneville filed an motion for leave to amend Uniform Traffic Ticket No. 050755, to incorporate the court date, on July 1, 2005. The court allowed the City of Booneville to amend the affidavit. The case came for trial on October 13, 2005, and Wildmon was found guilty.
¶ 4. Wildmon perfected his appeal to the Circuit Court of Prentiss County, Mississippi, on October 27, 2005. The case went to trial March 2, 2006, where the City of Booneville renewed its motion for leave to amend Uniform Traffic Ticket No. 050755 which was sustained by the court. Upon a trial de novo, the circuit court found Wild-mon guilty of driving under the influence.
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING THE CITATION AS A SWORN AFFIDAVIT.
¶ 5. Uniform Traffic Ticket No. 050755 did not include the date to appear to answer the charge against Wildmon. Mississippi Code Annotated section 63-9-21(3)(e) (Rev.2003) provides:
Every traffic ticket shall show, among other necessary information, the name of the issuing officer, the name of the court in which the cause is to be heard, and the date and time such person is to appear to answer the charge. The ticket shall include information which will constitute a complaint charging the offense for which the ticket was issued, and when duly sworn to and filed with a court of competent jurisdiction, prosecution may proceed thereunder.
(Emphasis added). “A traffic ticket that contains this information constitutes a ‘sworn affidavit’ as referred to in Section 21-23-7(1) when the officer who issues the ticket has it properly attested and filed with the proper court.” Wheeler v. Stewart, 798 So.2d 386, 390(¶8) (Miss.2001). Wildmon contends that his DUI citation did not comply with the “time such person is to appear” requirement of section 63-9-21(3)(c) and, therefore, is not a sworn affidavit.
¶ 6. In matters of statutory interpretation, we apply a de novo standard of review. Capital One Servs. v. Page, 942 So.2d 760, 762(¶ 6) (Miss.2006). In his argument, Wildmon relies on Bramlette v. State, 193 Miss. 24, 8 So.2d 234 (1942), in which the defendant was tried before a justice of the peace and the citation was not only unsworn but unsigned. The City *307 of Booneville correctly notes that this case is distinguishable from Bramlette in that the affidavit in the case sub judice was signed by the arresting officer. Recently, in Loveless v. City of Booneville,[2] 972 So.2d 723 (Miss.Ct.App.2007), we found that section 63 — 9—21(3)(c) does not require that the address of the municipal court be contained on the citation. “While prudence suggests that correct information be provided in order to avoid prejudice caused by incorrect information,” we noted that Loveless, like Wildmon, did not allege, and the record does not reveal, that he suffered any such prejudice. Id. at (¶ 25). We ruled that neither an omission regarding the a.m. or p.m. designation, nor the incorrect municipal court address prevented the municipal and circuit courts from properly asserting jurisdiction over a DUI charge. We also ruled in another recent case that a traffic ticket issued in a driving under the influence case, which does not include the date of the offense, due to a scrivener’s error, is not ineffective under Mississippi Uniform Circuit and County Rule 7.06 where the defendant is put on notice of the date of the offense by the fact that the date is correct on the other two citations issued. Scott v. City of Booneville, 962 So.2d 698(¶¶ 8-10) (Miss.Ct.App. 2007). In this case, Wildmon also had knowledge of the court date based on the information contained on his second citation and information given under his bond.
¶ 7. We find that Wildmon was in no way prejudiced by the omission of the date or incorrect courthouse address and that the citation constituted a sworn affidavit within the meaning of Mississippi Code Annotated section 21-23-7(1).
II. WHETHER A SWORN AFFIDAVIT MUST BE FILED IN MUNICIPAL COURT BEFORE JURISDICTION CAN BE CONFERRED TO THAT COURT.
¶ 8. Wildmon also argues that, since the citation was not a sworn affidavit, the municipal court in this case did not have jurisdiction to try him on a charge of driving under the influence first offense. Mississippi Code Annotated section 21-23-7(1) (Rev.2001) states in part:
The municipal judge shall have the jurisdiction to hear and determine ... all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality and to punish offenders therefor as may be prescribed by law. All criminal proceedings shall be brought by sworn complaint filed in the municipal court.
(Emphasis added). As we have already discussed, the citation issued to Wildmon was properly attested and was a sworn affidavit. Therefore, its filing with the municipal court gave that court jurisdiction to hear the case.
III. IF THE MUNICIPAL COURT HAD NO JURISDICTION TO TRY A CHARGE OF DRIVING UNDER THE INFLUENCE FIRST OFFENSE, WHETHER THE CIRCUIT COURT COULD ACQUIRE JURISDICTION ON APPEAL.
¶ 9. Mississippi Code Annotated section 99-35-11 (Rev.2000) states:
When an appeal is presented to the circuit court in any criminal case from the judgment or sentence of a justice of the peace or municipal court, it shall be *308 permissible, on application of the state or party prosecuting, to amend the affidavit, pleading, or proceedings at any time before a verdict so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit; the amendment to be made on such terms as the court may consider proper.
In the case before us, the motion to amend the affidavit to include the date to appear in court was made in municipal court, as well as brought in circuit court on appeal. As we have already ruled that the municipal court had jurisdiction to hear the charge of driving under the influence, we find that the circuit court had jurisdiction to hear the case on appeal.
CONCLUSION
¶ 10. The traffic citation in this case was not defective and was properly amended by the City of Booneville. The citation constituted a sworn affidavit, which provided both the municipal court and the circuit court jurisdiction to hear the charge against Wildmon of driving under the influence first offense. We find that the circuit court committed no reversible error and affirm its judgment.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY OF DRIVING UNDER THE INFLUENCE FIRST OFFENSE AND SENTENCE OF 48 HOURS IN THE PRENTISS COUNTY JAIL SUSPENDED CONDITIONED ON PAYMENT OF FINES AND COSTS IN FULL, FINE OF $1,000.00 PLUS STATE ASSESSMENTS, AND ENROLLMENT IN AND COMPLETION OF THE MISSISSIPPI ALCOHOL SAFETY EDUCATION PROGRAM CLASSES IS AFFIRMED. ALL COSTS FOR THIS APPEAL ARE ASSESSED TO APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Uniform Traffic Ticket 050755 stated the court address as 203 N. Main St., Booneville, Mississippi. The actual address of the courthouse was 1901 E. Chambers Drive, Boone-ville, Mississippi.

. We note that Loveless was tried before the Prentiss County Circuit Court immediately prior to this case.