JAMES, J.,
dissenting:
¶ 47. Because it appears that the justice court did not have original jurisdiction to entertain this action, I respectfully dissent.
¶ 48. Williams alleges, as one of his assignments of error on appeal, that the justice court exceeded its jurisdiction under Mississippi Code Annotated section 97-23-103 (Rev.2006), by trying a claim involving $5,000 or more. This issue is not addressed in the majority opinion. Section 97-23-103(5)(a), which deals with misdemeanor home-repair fraud, provides in part: “A first conviction under this section shall be a misdemeanor when the amount of the fraud is less than Five Thousand Dollars ($5,000.00) and shall be punished by a fine not to exceed One Thousand Dollars ($1,000.00) or imprisonment in the county jail not to exceed six (6) months, or both.” Miss.Code Ann. § 97-23-103(5)(a).
¶ 49. Robertson alleged that she paid Williams $15,000 for home repairs that were never completed. Robertson filed an affidavit with the Harrison County Justice Court, charging Williams with felony home-repair fraud in violation of section 97-23-103. Section 97-23-103(5)(c) provides that a “first or subsequent conviction under this section shall be a felony when the amount of the fraud is over Five Thousand Dollars ($5,000.00).... ” Robertson then executed a felony affidavit alleging that Williams did willfully, unlawfully, and *904 feloniously enter into an agreement with her, stating that she paid Williams a total of $15,000. ■ This felony affidavit was initiated in justice court to be forwarded to the district attorney so that Williams’s case could be given to the grand jury to be considered for an indictment in a criminal action so that the case could be tried in circuit court if Williams were to be indicted by the grand jury.
¶ 50. Following a preliminary hearing in justice court, the district attorney wrote the officer in the case advising him that his office was declining to prosecute the case. The district attorney advised the officer that the case would best be handled in justice court. This is where the jurisdictional issue arose. The record does not indicate that a misdemeanor affidavit was ever filed in justice court. It appears that the case proceeded on the original felony affidavit. However, in order for a misdemeanor prosecution to properly proceed in justice court, an affidavit needed to be filed alleging a misdemeanor in violation Mississippi Code Annotated section 97-23-103(5)(a), and also stating that the home-repair fraud was $5,000 or less. It has long been held that an affidavit is “a prerequisite to the prosecution ... [of] a misdemeanor. The affidavit is the foundation of the jurisdiction of the justice of the peace and the court has no jurisdiction without it.” Conner v. State, 196 Miss. 335, 17 So.2d 527, 528 (1944) (internal quotations omitted) (citing Bramlette v. State, 193 Miss. 24, 8 So.2d 234 (1942)).
¶ 51. Justice courts do not possess jurisdiction to prosecute felony offenses, and a justice court’s jurisdiction in felony cases is limited to acting as a conservator of the peace to preliminary matters, such as making determinations of probable cause, issuing warrants, setting bonds, and conducting initial appearances and preliminary hearings. See Miss. Att’y Gen. Op., 96-0301, 1996 WL 306634, Regan (May 10, 1996); see generally Miss.Code Ann. §§ 99-37-3 (Rev.2007), 99-33-1 (Rev. 2007), and 9-11-9 (Supp.2013) (setting forth the jurisdictional limits of justice court). Here, however, after the district attorney referred the case back to justice court, the record does not show that misdemeanor charges were ever filed. The majority opinion states that the felony affidavit was amended to a misdemeanor affidavit. However, as previously stated, once the preliminary hearing was held, the justice court lost its jurisdiction and a new affidavit, alleging facts constituting a misdemeanor, needed to be filed. This is not the same as an amendment of an indictment in circuit court over a matter in which the circuit court has continuous jurisdiction of both the felony and any possible lesser-included misdemeanor.
¶ 52. I respectfully disagree with the majority’s statement that the justice court’s approval of the prosecutor’s handwritten amendment to Robertson’s affidavit on February 9, 2009, had the effect of reducing the felony affidavit to a misdemeanor affidavit. The record contains Robertson’s felony affidavit in which she alleges that, on or about the fifth day of December 2005, she and Williams entered into an agreement to perform home improvements on her residence, and that Williams “did knowingly promise performance which he did not intend to perform[,] or knew would not be performed.” In the affidavit, Robertson states that she paid Williams a total of $15,000, making the alleged crime a felony pursuant to Mississippi 97-23-103. This affidavit was signed by Robertson and notarized on August 21, 2007. The purported amendment, alluded to by the majority, consists of two hand *905 written notations.[16] The first notation reads: “Based on the letter from the district attorney’s office[,] the State moves to amend misdemeanor home-repair fraud and will set it for trial.” However, the accompanying signature is illegible and it is not the signature of the affiant, Robertson. The second notation, which is found on the left-hand side of the page, simply states: “Granted J-2 2/5/09,” and nothing more. Finally, the document is not stamped “filed.” Nevertheless, the affidavit still alleges $15,000 in fraud, making the alleged crime a felony and beyond the jurisdictional limits of justice court. To view this document as an amended affidavit, which amended the charges in order to confer jurisdiction to the justice court, requires quite a bit of guessing and speculation.
¶ 53. In footnote 1, the majority points to the testimony, or, more precisely, the statements of the county prosecutor, Cox, during a hearing in circuit court on Williams’s motion for an out-of-time appeal. During the hearing, Cox stated:
Judge, as you noted, when there was initially a felony affidavit ... the District Attorney’s Office ... declined to handle it as a felony ... and sent it back to the justice court. And I as the county prosecutor review it, and that’s niy handwriting on the affidavit where I moved to amend that to a misdemeanor home repair fraud case, and the judge in February of '09 granted that amendment.
The county prosecutor’s statement does little to obviate the ineffectiveness of the affidavit as a charging document because the “amended affidavit” was not properly sworn to by Robertson. There is nothing, either in the record or on the face of the document itself, that indicates that Robertson took part in the amendment, or that she swore or affirmed that the statements in the amended affidavit were true. In order to proceed on a proper charging affidavit, the county prosecutor should have had Robertson execute a new affidavit alleging a misdemeanor violation of the home-repair statute. Further, it was improper to amend an affidavit over , which the justice court had lost jurisdiction. The amended affidavit still raises jurisdictional issues in that it alleges home-repair fraud of $15,000, which is a felony violation pursuant to Mississippi Code Annotated section 97-23-103, and outside the jurisdiction of justice court. A new affidavit needed to allege fraud of $5,000 or less in order to qualify as a misdemeanor and bring the crime within the justice court’s jurisdiction.
¶ 54. Williams was convicted in justice court in absentia, and ordered to pay $5,000 in restitution, a fine of $500, and assessments of $145. The Mississippi Supreme Court has long held that “where a justice of the peace had no jurisdiction to try a person for a misdemeanor, the circuit court has no power on appeal from such justice of the peace to try the cause, and the question of jurisdiction may be raised at any time.” Ivy v. State, 141 Miss. 877, 106 So. 111, 113 (1925). Thus, since a proper affidavit charging Williams with a misdemeanor violation of the home-repair-fraud statute was never filed with the justice court to initiate a misdemeanor case, and the justice court proceeded with the trial by acting on the improperly amended felony affidavit, over which it had lost jurisdiction, I would dismiss this appeal without prejudice, and vacate the conviction for lack of jurisdiction.
*906 ¶ 55. Accordingly, I respectfully dissent.
CARLTON, J„ JOINS THIS OPINION.
Appendix
[[Image here]]

. The handwritten notations are somewhat illegible; therefore, for convenience, a photocopy of the document is attached to this opinion as an appendix.