# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KM-01046-COA

**CHARLES OLIVER A/K/A CHARLES RAYBURN OLIVER A/K/A CHARLES R. OLIVER**   APPELLANT

v.

**STATE OF MISSISSIPPI**   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/12/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD RAFFERTY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 01/15/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, C.J., WILSON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.   Charles Oliver appeals his first conviction of driving under the influence in the Circuit Court of Hancock County.  Oliver maintains that his charging affidavit was invalid, and as a result, neither the justice court nor the circuit court had the authority to exercise jurisdiction.  After review of the record, we affirm Oliver's conviction.

### FACTS AND PROCEDURAL HISTORY

¶2.   In October 2015, Oliver was driving what witnesses described as an antique orange Chevrolet on Highway 90.  Sarah Whittenberg and a passenger were stopped at a red light when Oliver rear-ended Whittenberg's vehicle.  Whittenberg testified that after the accident

Oliver exited his vehicle, was belligerent, and she smelled alcohol coming from his person. Deputy Sheriff Joseph Garrett of the Hancock County Sheriff's Office testified that when he arrived at the scene of the accident, Oliver informed him that he had been consuming alcohol[1] since earlier in the afternoon. Oliver also stated that his accelerator was stuck and that it was the actual cause of the accident. Officer Nathan Corr testified that he observed Oliver using his car for support, Oliver's bloodshot eyes, and his slurred speech. Both Whittenberg and Oliver were treated at the hospital. While there, Oliver's blood was drawn, and his blood-alcohol content (BAC) registered at 0.153—which is over the legal limit.

¶3. Officer Garrett issued Oliver a citation for driving under the influence and then appeared before Officer Cody Moak to swear to and acknowledge Oliver's citation in justice court. In 2015, Officer Moak was promoted from sergeant to deputy and sworn in to perform the duties as a deputy justice court clerk by a justice court judge; however, his appointment had not yet been ratified by the Board of Supervisors of Hancock County.[2]

¶4. In October 2015, Oliver pleaded nolo contendere in justice court and perfected an appeal to the Hancock County Circuit Court the same day. Oliver then filed a pretrial motion to dismiss in the circuit court, citing lack of jurisdiction because the citation issued in justice court did not constitute a "valid and sworn affidavit." But, the circuit court denied Oliver's motion. After a bench trial, Oliver was convicted of his first offense of driving under the

---

[1] Oliver stated that he had consumed 3 glasses of wine earlier in the day.

[2] Once it was discovered that the paperwork was missing, he was sworn in again in 2017.

influence. Oliver subsequently filed a motion to vacate the judgment and a motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial. These motions were summarily denied. Aggrieved, Oliver appeals.

## STANDARD OF REVIEW

¶5. "A trial judge's decision in a bench trial will be affirmed as long as it is supported by substantial, credible, and reasonable evidence." *Harvey v. State*, 195 So. 3d 231, 232 (¶5) (Miss. Ct. App. 2016). "The findings of a trial judge sitting without a jury are reversed only where the findings are manifestly erroneous or clearly wrong." *Id*.

¶6. On appeal, the standard of review for the grant or denial of a motion for directed verdict or a judgment notwithstanding the verdict is de novo. *See Shepherd v. State*, No. 2017-KA-00837-COA, 2018 WL 4442445, at *2 (¶8) (Miss. Ct. App. Sept. 18, 2018). The ruling court's decision regarding a motion for directed verdict or a judgment notwithstanding the verdict requires a determination that, *as a matter of law*, the prosecution has or has not sufficiently provided the requisite charge of evidence necessary to support a legal conviction. *See id*. at *3 (¶¶13-15). Thus, there is no opportunity for discretion because the decision is based on legal sufficiency. *Id.*

¶7. A ruling court's decision to grant or deny a motion for a new trial requires a ruling court to determine that, *as a matter of fact*, a verdict is wholly against the weight of the evidence. *See Knight v. State*, 14 So. 3d 76, 79 (¶5) (Miss. Ct. App. 2009) (citing *Turner v. State*, 910 So. 2d 598, 602 (¶16) (Miss. Ct. App. 2005)). This determination provides an

opportunity for a ruling court to make an evidentiary finding based on its own discretion, and that determination therefore is reviewed for abuse of discretion on appeal, as well as whether the result is unconscionable to our system of justice. *Id*.; *see also Shepherd*, 2018 WL 4442445, at *3 (¶17).

## DISCUSSION

### I.      Valid Affidavit/Charging Instrument

¶8.      Oliver first asserts that a valid affidavit must be filed with a court to commence a criminal action. To aid in his argument, Oliver relies on *Bramlette v. State*, 193 Miss. 24, 8 So. 2d 234 (1942). In that case, "the defendant was tried before a justice of the peace and the citation was not only unsworn but unsigned." *Id*.[3] As a result, the Mississippi Supreme Court found that the circuit court did not have jurisdiction. Oliver asserts that Deputy Moak was not the official deputy justice court clerk; therefore, his citation was invalid.

¶9.      Oliver is correct in his assertion that a valid affidavit must be filed with the court to commence a criminal action. "A traffic ticket that contains [the statutorily mandated] information constitutes a 'sworn affidavit' as referred to in Section 21-23-7(1) when the officer who issues the ticket has it properly attested and filed with the proper court." *Wildmon v. City of Booneville*, 980 So. 2d 304, 306 (¶5) (Miss. Ct. App. 2007). The ultimate question is whether Deputy Moak was acting as a de facto officer and possessed the authority

---

[3] *See also Wildmon v. City of Booneville*, 980 So. 2d 304, 306 (¶6) (Miss. Ct. App. 2007).

to acknowledge Oliver's citation. "An officer de facto is one who exercises the powers and discharges the functions of an office, being then in possession of the same under color of authority, but without actual right thereto." *Upchurch v. City of Oxford*, 196 Miss. 339, 344, 17 So. 2d 204, 204 (1944).

¶10.    Under Mississippi Code Annotated section 9-11-27 (Rev. 2014):

> The board of supervisors of each county shall, at its own expense, appoint one (1) person to serve as clerk of the justice court system of the county, and may appoint such other employees for the justice court of the county as it deems necessary, including a person or persons to serve as deputy clerk or deputy clerks. . . . The clerk and deputy clerks shall be empowered to file and record actions and pleadings, to receive and receipt for monies, to acknowledge affidavits, to issue warrants in criminal cases upon direction by a justice court judge in the county, to approve the sufficiency of bonds in civil and criminal cases, to certify and issue copies of all records, documents and pleadings filed in the justice court and to issue all process necessary for the operation of the justice court.

¶11.    Further, Mississippi Code Annotated section 25-1-37 (Rev. 2018) states:

> The official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding as official acts in regard to all persons interested or affected thereby, whether such person be lawfully entitled to hold the office or not and whether such person be lawfully qualified or not; but such person shall be liable to all the penalties imposed by law for usurping or unlawfully holding office, or for exercising the functions thereof without lawful right or without being qualified according to law.

¶12.    "Attorney [G]eneral opinions, while not binding on this Court, may be considered by it." *Scott v. City of Booneville,* 962 So. 2d 698, 702 (¶11) (Miss. Ct. App. 2007). In an opinion issued in 2005, the Attorney General found that:

> when the municipal governing authority has granted the authority to appoint a deputy municipal court clerk to the municipal court judge, and that judge

5

makes an appointment, the failure to include the authority to make such appointment or the name of the deputy court clerk so appointed in the official minutes does not render any official acts taken by that appointee void and unenforceable, but that those acts are valid and binding acts of a de facto officer of the municipality.

Miss. Att'y Gen. Op. No. 2005-163, 2005 WL 1692966 (June 3, 2005).

¶13. Here, Officer Moak was sworn in by a justice court judge to fulfill the duties of a justice court deputy clerk in June 2015. "One who holds office under the color of appointment and discharges the purported duties of officer in full view of public, without being an intruder or usurper, is at least a de facto official." *Amerson v. State*, 648 So. 2d 58, 61 (Miss. 1994). Accordingly, we find that Deputy Moak was acting as a de facto officer and possessed the requisite authority to administer the oath and swear to the charging affidavit. Therefore, any defects that may have existed in the appointment of Deputy Moak did not negate that Deputy Moak was acting under the color of appointment at the time he issued Oliver's affidavit. Therefore, this issue lacks merit.

## II. Jurisdiction

¶14. Oliver maintains that because his citation was not a sworn affidavit, the justice court did not have jurisdiction over his case. As a result, Oliver argues that the circuit court did not acquire jurisdiction on appeal.

¶15. As determined in the aforementioned discussion, the citation issued to Oliver was a valid, properly attested, and sworn affidavit. Therefore, its filing in the justice court gave the circuit court jurisdiction over Oliver's case and this issue is meritless. Accordingly, we find

6

no error or abuse of discretion in the circuit court's denial of Oliver's motion for a judgment notwithstanding the verdict or in the alternative, his motion for a new trial.

¶16.     **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., WILSON AND GREENLEE, JJ., CONCUR.  TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**